111 Ga. App. 591 (1965)
142 S.E.2d 298
UNDERCOFLER, Commissioner
v.
STANDARD OIL COMPANY.
41075.
Court of Appeals of Georgia.
Argued January 11, 1965.
Decided April 7, 1965.
Rehearing Denied April 22, 1965.
*592 Eugene Cook, Attorney General, John A. Blackmon, Assistant Attorney General, for plaintiff in error.
King & Spalding, Robert L. Steed, contra.
FRANKUM, Judge.
The Department of Revenue, Motor Fuel Tax Unit, notified the Standard Oil Company by letter of its assessment of motor fuel taxes, interest and penalties claimed to be due on account of sales by the Standard Oil Company of motor fuels to E. F. Hughs of Gainesville, Georgia. The Standard Oil Company protested the assessment and appealed to the Commissioner requesting a hearing on the question of whether the tax was due. The Commissioner denied Standard's appeal, and Standard appealed that ruling to the Superior Court of Fulton County under the provisions of Code Ann. § 92-8446. After the appeal was transmitted by the Commissioner to the superior court and filed therein, Standard amended it by alleging the following facts: "4. During the tax period here involved, March, 1962, through December 31, 1962, the Appellant sold motor fuel of the type described in Ga. L. 1962, pp. 646, 647 (Georgia Code Annotated § 92-1402 (B) (2) in lots exceeding 500 gallons per month to E. F. Hughs of Gainesville, Georgia. 5. The assessment herein complained of seeks to tax the motor fuel in question under Ga. L. 1937, pp. 167, 174, as amended by Ga. L. 1955, Ex. Sess., pp. 52, 53 (Georgia Code Annotated § 92-1403 (A)). 6. The motor fuel in question was sold by Appellant, under an agreement dated August, 1959, to Hughs for resale by him as heating fuel and not for propelling motor vehicles on public highways. 7. The motor fuel in question was resold by Hughs to the ultimate consumers and the ultimate consumers did in fact use the motor fuel for heating purposes and it was not used for the propulsion of motor vehicles on the public highways. 8. The motor fuel in question was neither sold for nor used for the propulsion of motor vehicles on the public highways and thus the tax sought to be imposed is, by *593 the terms of Ga. L. 1962, pp. 646, 649, 650 (Georgia Code Annotated § 92-1403 (E)), illegal, erroneous and contrary to law and should be so declared by this honorable court. 9. During the period here involved Appellant was a distributor under the Motor-Fuel Tax Law." To the appeal as finally amended the Revenue Commissioner filed a general demurrer by which he contended that the amended appeal set forth no grounds which under the law would relieve the appellant of the motor fuel taxes assessed. The judge of the superior court entered an order overruling the general demurrer, and that judgment is excepted to.
The motor fuel involved and which is sought to be subjected to the tax in this case is that motor fuel defined by Section 1 (B) (2) of the Act approved March 6, 1962, amending Code Ann. § 92-1402 (B) (2), as being all liquid petroleum products (other than gasoline) which are susceptible of use as a fuel for the propulsion of motor vehicles, including kerosene. Under the provisions of Code Ann. Ch. 92-14 as amended by the aforesaid Act, an excise tax is imposed on all distributors of motor fuel upon the sale or use of such motor fuel by such distributors in this State at the rate of six and one-half cents per gallon. Standard claims that the sales of the motor fuel here in question were exempt from the tax sought to be levied by the Commissioner under the provisions of Code Ann. § 92-1403 (E) as amended. This paragraph reads as follows: "Notwithstanding the provisions of paragraph (A) of this section, the tax provided thereunder shall not be imposed upon the sale of those motor fuels specified in paragraph (2) of section 92-1402 (B) when such products are neither sold for use nor used for the propulsion of motor vehicles on the public highways: Provided, however, that the exemption contained in this paragraph (E) shall not be allowed unless the distributor making such sales can prove that such motor fuels were neither sold for use nor used for the propulsion of motor vehicles on the public highways: and Provided, further, however, that the exemption contained in this paragraph (E) shall not be allowed upon the sale of such motor fuel to the ultimate consumer if the distributor making such sale shall have reasonable cause to believe that all or any portion of such motor fuel might be used for the propulsion of motor vehicles on the public highways, unless such ultimate consumer *594 is a licensed distributor under this Chapter. A distributor may terminate his liability for the collection and remittance of said tax on those motor fuels specified in this paragraph (E), when sold to an ultimate consumer, or sold to a dealer purchasing 500 gallons or less of such fuel in any calendar month, by taking an affidavit, in good faith and without reasonable cause to believe that the contrary might be true, from the purchaser that such purchaser does not store, sell or use such motor fuels for the propulsion of motor vehicles on the public highways, such affidavit to be taken in such form as may be required by the State Revenue Commissioner."
In the view which we take of this provision, its meaning is plain and unambiguous. This court, therefore, has no authority to construe the exemption but must apply it as written by the legislature. Floyd County v. Salmon, 151 Ga. 313, 315 (106 SE 280). However, a discussion and analysis of its language may be helpful in understanding the exact intent of the General Assembly with respect to the exemptions thereby granted. Reading the portion of § 92-1403 (E) which precedes the first proviso, it is plain that the tax here in question is not imposed upon the sale of motor fuel of the kind here involved when it is neither sold for use nor used for the propulsion of motor vehicles on the public highways. This is the exemption. Standing alone its meaning is plain. It is what follows which, to the casual reader, may seem to becloud the meaning and intent of the legislature. The first proviso merely has the effect of placing the burden of proving the exempt character of the sale upon the distributor claiming the exemption. The second proviso refers only to sales made by a distributor directly to the ultimate consumer claimed to be exempt and disallows the exemption if the distributor making such sale had reasonable cause to believe that all or any portion of the motor fuel thus sold would be used for the propulsion of motor vehicles on the public highways. This latter proviso is limited in its application, however, to ultimate consumers other than licensed distributors.
Thus, under the second proviso, if the sale in question is by one distributor to another distributor for use or for resale by the latter distributor, such distributor-vendee is required to report and pay the tax due on the motor fuel upon the use, *595 consumption or resale thereof by it, because, under the provisions of paragraph (F) of § 92-1403, the taxes imposed by the Act shall be collected by and paid to the State but once in respect to the sale, use or consumption of the same motor fuel. This conclusion necessarily follows, for otherwise double taxation would be the result of any sale by one distributor to another distributor. Further, with respect to the second proviso of § 92-1403 (E), the distributor making the first sale of such motor fuel may terminate its liability for the collection and remittance of the tax when selling to an ultimate consumer or when selling to a dealer purchasing 500 gallons or less of such fuel in any calendar month by taking an affidavit, in good faith and without reasonable cause to believe that the contrary might be true, from the purchaser that such motor fuels will not be used for the propulsion of motor vehicles on the public highways. Neither of the two provisos attached to § 92-1403 (E) in any way limits or restricts the exemption granted by the section in the first instance. Both merely relate to presumptions as to taxability and to the burden of proving the exempt character of particular sales.
With respect to dealers or jobbers purchasing in excess of 500 gallons of such fuel in any calendar month, § 92-1403 (C) (2.1) provides that such dealer or jobber will be considered as a distributor of such motor fuels for the purposes of taxation and requires such dealer or jobber to make the same reports, pay the same taxes, post the same bond and secure the same licenses, and be subject to all the other provisions of the chapter as other distributors. This language has the effect of making a dealer or jobber who buys in excess of 500 gallons of motor fuel a month a distributor and renders such dealer or jobber primarily liable for the tax. Such a dealer or jobber, then, is within the limitation placed on the second proviso of paragraph (E) of § 92-1403, and sales to it are by the express language of that limitation not taxed, if for use other than in propelling motor vehicles on the public highways. Under the allegations of the appeal Hughs was a distributor within the meaning of § 92-1403 (C) (2.1). We, therefore, conclude that the sales of motor fuel by the appellant fall squarely within the exemption granted by § 92-1403 (E), in that they were made to Hughs for resale by him as heating fuel and not for propelling motor vehicles on *596 public highways, and said fuels were in fact sold by Hughs to the ultimate consumers who in fact used them for heating purposes and not for the propulsion of motor vehicles on the public highways. The Commissioner's general demurrer admits the truth of these allegations contained in the amended appeal, and if these allegations be in fact true, and proof thereof submitted by the appellant, the appellant would be entitled to a judgment declaring the sales in question exempt from the tax.
It is manifest from the terms of the Act that the legislature did not intend to impose motor fuel tax on the fuels here in question if they were neither sold for use nor used in the propulsion of motor vehicles on the public highways. The scheme of the Act affords to the distributor, the dealer, and the ultimate consumer the means of ascertaining the taxability or nontaxability of such motor fuels, the means of reporting the sales and paying the tax, or claiming the exemption, and where the exemption is drawn in question, of proving the exemption.
The conclusion which we have reached is further supported by the fact that under the provisions of Code Ann. § 92-1403 (C) (1), the tax is imposed upon the consumer and the levy on the distributor is declared to be merely as agent of the State for the collection of the tax. The clear policy of the Act is to impose the tax only with respect to motor fuels actually used in the propulsion of motor vehicles on the public highways. In the instant case, however, taking the allegations of the appeal to be true, as the general demurrer admits them to be, the fuel was not so used, and no such tax was due to be paid by the consumer. In making the assessment against the distributor, the Commissioner sought to require the distributor to pay motor fuel taxes on fuel where none was due to be paid by the ultimate consumer, and thus he sought to compel the distributor to pay taxes which could not be collected from the consumer. The mere fact that the appellant's vendee held no distributor's license as required under the provisions of § 92-1403 (C) (2.1) affords no reason for ascribing to the legislature an intent to punish a distributor selling to such an unlicensed distributor by requiring him to pay the tax where none was due.
It follows that the trial court did not err in overruling the Commissioner's general demurrer to the amended appeal.
Judgment affirmed. Bell, P. J., and Hall, J., concur.