41499. HAYNES v. TWIN TANKS OIL COMPANY, INC.

DEEN, Judge. 1. The excise tax exemption on motor fuels provided by *Code Ann.* § 92-1403 (E) when sold "for use otherwise than as a fuel for the propulsion of motor vehicles on the public highway" means simply that the exemption applies when the fuel is not put to a highway use. The word "use" should be given its usual and ordinary signification, as, for example, in *Assurance Co. v. Bell,* 108 Ga. App. 766 (3) (134 SE2d 540), where it was held that the words "use as a motor vehicle" meant the use of the motor vehicle for its intended purpose, and that the act of a very young child in playing around the car and releasing its brakes was not a "use" as contemplated in the insurance contract. A "use for the propulsion of motor vehicles on public highways" means the act of going from one place to another. It does not include activities of roadworking machinery engaged in building or repairing the highway or highway right of way

and preparing it to serve its intended purpose as a means of transportation by others.

2. The clear and unambiguous provisions of *Code Ann.* § 92-1403 (E) show that the legislature did not intend to impose motor fuel tax on fuels neither sold for use nor used in the propulsion of motor behicles on public highways. *Undercofler v. Standard Oil Co.*, 111 Ga. App. 592 (142 SE2d 298).

3. After a tax board hearing in which the defendant Haynes was not represented, the State Revenue Department assessed and the fuel oil distributor, Twin Tanks Oil Company, Inc., paid the excise tax on certain fuel sold by Twin Tanks to Haynes on which the distributor had not collected the tax at the time of sale. If the tax were subject to be paid, the distributor should have collected it and would in any event have been liable for it to the Revenue Department. *Code Ann.* § 92-1403 (c) (1). After payment the distributor brought the present action against the purchaser. The evidence shows without dispute that three thousand one hundred ninety-five (3,195) gallons of diesel fuel oil purchased April 28, 1961, were used in grading a business site for an asphalt plant. Three thousand one hundred eighty-nine (3,189) gallons purchased May 26 were used for the same purpose. Three thousand one hundred seventy-six (3,176) gallons purchased July 5 were used to finish the grading job, to transport the trucks and equipment to Lumpkin County, and to clear and grade a right of way for a road. Two thousand nine hundred sixty-nine (2,969) gallons purchased August 11 were used for this purpose in Lumpkin County and to transport the machinery to Dawson County where the defendant had three projects clearing, grading, and repairing roads. Two thousand nine hundred ninety-four (2,994) gallons purchased October 24 were used for the same purpose. The evidence accordingly demands a finding that all fuel oil here involved was put to a non-highway use except some small amount used in transporting the equipment from one work site to another, and perhaps some small amount remaining in the tanks upon completion of the job. Tax should have been paid on these latter amounts only.

4. Since the evidence shows without dispute that the defendant owed a tax on some portion of the fuel used for the transportation of motor vehicles on public highways, the court

properly denied the motion for a general judgment in his favor. On the other hand, since it also unequivocally appears that the fuel oil was purchased for non-highway use and that, with the exception of a very small amount involved in two of the invoices, it was neither sold for use nor used for the propulsion of motor vehicles on the public highways, the general grounds of the motion for a new trial are good. "A motion for new trial on the general grounds is sufficient to reach the verdict as a whole, if the evidence demanded a contrary finding as to a part thereof." *Ennis v. Ennis,* 207 Ga. 665, 672 (63 SE2d 887).

The trial court erred in denying the motion for new trial but did not err in denying the motion for judgment notwithstanding the verdict.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Jordan, J., concur.*

SUBMITTED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 24, 1965— REHEARING DENIED OCTOBER 6, 1965.

*Wheeler, Robinson & Thompson, Emory F. Robinson, B. Carl Buice,* for plaintiff in error.

*John H. Smith, R. Wilson Smith, Jr.,* contra.