### 43378. HAWES, Commissioner v. SHEPHERD CONSTRUCTION COMPANY, INC.

WHITMAN, Judge. The Shepherd Construction Company (hereafter called "Shepherd") brought an action in the superior court against the State Revenue Commissioner (hereafter called "Commissioner"), seeking a refund of taxes paid on certain motor fuel consumed by it. Count I of the petition sought refund for fuel consumed during November, 1965, and Count II sought refund for fuel consumed during November, 1963.

Shepherd is a highway contractor, i.e., in the highway construction business. In this case Shepherd was awarded contracts on a competitive bidding basis by the State Highway Department for the construction of certain portions of highway projects. The contracts, among other things, required that the contractor obtain a license as a motor fuel distributor. All the fuel consumed, the tax upon which is the subject of

this action, was consumed by Shepherd's road building equipment, e.g., its bulldozers, loaders, draglines, power shovels, rollers, spreaders, compactors, asphalt machines, etc., while within the highway right of way and while engaged in actual construction of the highway. Such construction consisted of converting the theretofore natural terrain into highway as well as, in some places, of reworking existing highways to conform to the overall plan.

The motor fuel tax statute, applicable in November 1963 and November 1965, imposed an excise tax at the rate of six and one-half cents per gallon upon all distributors of motor fuel within the state when such fuel was to be used by "motor vehicles" (as defined in the statute) on the "public highways" (as defined in the statute) (*Code Ann.* § 92-1403 (A); Ga. L. 1937, pp. 167, 174), but exempted from the tax that motor fuel "neither sold for use nor used for the propulsion of motor vehicles on the public highways." *Code Ann.* § 92-1403 (E) (Ga. L. 1962, pp. 646, 649).

Shepherd's position, simply stated, is that the motor fuel it consumed came within the exemption, i.e., it was used for construction purposes and was not used for the propulsion of motor vehicles on the public highways.

The Commissioner demurred to Count II regarding the November 1963 fuel on the ground that claims for refund must, by statute, be brought within 2 years from the date of payment and that inasmuch as the claim for refund was not made until June 18, 1966, the claim is barred. This demurrer was overruled and has been enumerated as error.

The Commissioner also filed a plea of estoppel as to both counts of the petition on the ground that by the terms of the contracts between Shepherd and the State Highway Department, Shepherd is estopped as to the Commissioner from asserting a claim for the motor fuel taxes. The plea was overruled and has been enumerated as error.

The matter was tried before the court without a jury upon stipulated facts and certain additional evidence introduced by each party without objection. There was a judgment for Shepherd on both counts. The judgment is also enumerated as error. *Held:*

1. The fundamental issue of whether fuel consumed by construction equipment being used for building or repairing highways or highway rights of way comes within an exemption

allowed when such fuel is not used for the propulsion of motor vehicles on the public highways was recently considered by this court in *Haynes v. Twin Tanks Oil Co.*, 112 Ga. App. 425 (145 SE2d 603). The *Haynes* case held that the exemption applies when the fuel is not put to a "highway use" and that the "activities of roadworking machinery engaged in building or repairing the highway or highway right of way" to enable it to serve as a highway do not constitute a highway use. It also held that the transportation of such equipment along existing highways from one work site to another would be a highway use and fuel so consumed would be taxable.

We need only consider further whether the *Haynes* case, which involved fuel consumed from April 1961 through October 1961 and governed by the Motor Fuel Tax Statute of 1937 (Ga. L. 1937, pp. 167, 174), as amended through 1955 (Ga. L. 1955, Ex. Sess., pp. 52-54), would still be applicable in view of a revision of the statute enacted in 1962 (Ga. L. 1962, pp. 646-650), which was in effect when the fuel in the present case was consumed. The exemption under the 1962 statute reads: "[T]he tax . . . shall not be imposed upon the sale of those motor fuels specified . . . when such products are neither sold for use nor used for the propulsion of motor vehicles on the public highways." Ga. L. 1962, pp. 646, 649. In our view there is no discernible difference in the nature of the exemption. Therefore, the *Haynes* case is still controlling and must be followed. The trial court did not err in finding that the fuel consumed was exempt from the tax.

2. With regard to the Commissioner's demurrer to Count II of the petition on the ground that any refund claim for November 1963 taxes is barred, the Commissioner relies on *Code Ann.* § 92-1418 (Ga. L. 1937, pp. 167, 202), which provides that a *distributor* may apply for a refund of taxes erroneously or illegally collected from him provided he applies therefor through a written claim, sworn to, and filed with the Comptroller General within 2 years from the date of payment.

On the other hand, *Code Ann.* § 92-8436 (Ga. L. 1937-38, Ex. Sess., pp. 77, 94, as amended) provides that any taxpayer may at any time, within *three years* after the date of payment of an erroneous or illegal tax or license, file a claim for refund and if same is denied or not acted upon by the Commissioner,

the taxpayer may institute a suit for refund in the appropriate superior court within *two years* after the claim is denied or has not for a year been acted upon by the Commissioner.

To come within the latter section, one need only qualify as a taxpayer. Under the motor fuel tax statute the consumer is the taxpayer. "(1) . . . [T]he tax levied under the provisions of this Chapter is in fact a levy on the consumer, and the levy on distributors as specified in said Chapter is merely as agent of the state for collection of said tax." *Code Ann.* § 92-1403 (C) (1) (Ga. L. 1943, p. 339). In the present case Shepherd was the consumer of the fuel and therefore the taxpayer, notwithstanding that it held a license as a distributor. (Shepherd was required to become so licensed by its contracts with the State Highway Department). Shepherd did not engage in the business, so far as the record shows, of reselling fuel to others from whom, if it had been so engaged, it would have collected the tax as agent for the State and would have been responsible for taxes so collected as a distributor.

*Code Ann.* § 92-1418, supra, upon which the Commissioner relies is an administrative remedy available to those who have disputes over their accountings with the Commissioner regarding taxes they have collected for the State as distributor. The suit in the present case was not brought under this section; it was brought under § 92-8436, supra, as a taxpayer and we think properly so.

The trial court did not err in overruling the demurrer to Count II.

3. The Commissioner's plea of estoppel to both counts of the petition is made upon the ground that by the contract executed between the State Highway Department and Shepherd, Shepherd agreed that he was working on public highways open to the public within the definition of "public highways" defined by the fuel tax statute, and further agreed that the equipment employed was of such a nature as to come within the definition of "motor vehicles" as defined by the statute. We have already assumed as much, irrespective of whether required by the terms of the contract or otherwise. Our holding in Division 1 and the holding in the *Haynes* case, supra, which we have followed, assumes "public highways" and "motor vehicles" qualifying for the tax, but finds the activity was a "non-highway use" within the exemption.

It is also argued that the collective effect of various terms of the contracts executed by Shepherd is that it *agreed* with the State

Highway Department to pay the tax and that Shepherd is now estopped from denying liability. " 'There is one general rule, which is applicable alike to estoppel by record, by deed, and to equitable estoppel or estoppel in pais: That is that estoppels must be mutual. Strangers can neither take advantage of nor be bound by an estoppel; its binding effect is between the immediate parties, their privies in blood, in law and by estate.' *Harris & Mitchell v. Amoskeag Lumber Co.*, 101 Ga. 641, 643 (29 SE 302) ; *Koplin v. Shartle Machine Co.*, 150 Ga. 509, 513 (104 SE 217)." *Jones v. Major*, 80 Ga. App. 223, 225 (55 SE2d 846). Even assuming that the Commissioner could in some way be considered sufficiently related to or connected with the contract between Shepherd and the State Highway Department to take advantage of the estoppel doctrine, it does not appear that there is any basis for an estoppel. The question involved is one of tax liability, clearly a matter of law, and is not one which can not ordinarily be a basis for estoppel. *Drake v. Thyer Mfg. Corp.*, 105 Ga. App. 20 (123 SE2d 457). If the State Highway Department could require payment of taxes by a party, it could likewise exempt him from taxes. Clearly it does not have this power or authority. In fact, the Commissioner himself has no such power except within the scope of authority delegated him by the legislature in the administration of the general tax laws.

The Commissioner's plea of estoppel was properly overruled.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 11, 1968—DECIDED JUNE 6, 1968.

*Arthur K. Bolton, Attorney General, William L. Harper, John A. Blackmon, Assistant Attorneys General,* for appellant.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr., Walter H. Wingfield, Weeks & Candler, Murphy Candler, Jr.,* for appellee.