## 45877. GREEN CONSTRUCTION OF INDIANA, INC. v. STATE OF GEORGIA.

DEEN, Judge. In *Haynes v. Twin Tanks Oil Co.,* 112 Ga. App. 425 (1) (145 SE2d 603) we held in construing *Code Ann.* § 92-1403 (E) relating to sales and use tax imposition on motor fuel: "A 'use for the propulsion of motor vehicles on public highways' means the act of going from one place to another. It does not include activities of roadworking machinery engaged in building or repairing the highway or highway right of way and preparing it to serve its intended purpose as a means of transportation by others." The ruling was followed in *Hawes v. Shepherd Constr. Co.,* 117 Ga. App. 842 (162 SE2d 231). In 1966 (Ga. L. 1966, pp. 61, 66), *Code Ann.* § 92-1403 (E) (1) was added, the first sentence of which states that in no case shall the exemptions provided be allowed where the fuel is used for the propulsion of motor vehicles on public highways. The next sentence reads: "In no case shall the exemptions provided by this paragraph be allowed upon motor fuel used for the purpose of construction, reconstruction, maintenance or repair of public highways as 'public highways' are defined by Section 92-1402 (G)." The latter sentence may well have been added for the specific purpose of closing the tax loophole pointed out in the *Haynes* case; in any event, that was its result. The two together make it clear that both highways in use and highways in process of construction are being considered. We agree with

the appellant that a strip of land being cleared and graded so that a public highway may be placed thereon is not yet a public highway any more than an egg under a setting hen is yet a chicken; therefore, it does not come under the first sentence above-quoted. But fuel used on such a strip by machinery engaged in the clearing and grading processes necessary for the construction of a public highway within this right of way is "motor fuel used for the purpose of construction . . . of public highways" within the meaning of the statute. One might say that the incubation period is part of the hatching process.

The court did not err in finding that the fuel involved in preparing the highway right of way between March 1, 1966, and August 31, 1967 (the Act having been approved February 28, 1966) was subject to the tax imposed.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*

ARGUED JANUARY 5, 1971—DECIDED FEBRUARY 4, 1971—REHEARING DENIED MARCH 5, 1971—CERT. APPLIED FOR.

*Sanders, Hester, Holley, Ashmore & Boozer, R. Eugene Holley, Jack W. Tarver,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General,* for appellee.