26856. ROAD BUILDERS, INC. OF TENNESSEE et al. v. HAWES et al.

26857. McDOWELL-PURCELL, INC. v. HAWES et al.

GUNTER, Justice. 1. These companion appeals from final judgments of the Superior Court of Dade County assess-

ing the appellants' tax liability under the State Motor-Fuel Tax Law, are controlled adversely to the appellants with respect to the applicability to them of *Code Ann.* § 92-1403 (E) (1) (added by Ga. L. 1966, pp. 61, 66), by the ruling of the Court of Appeals in *Green Construction of Indiana, Inc. v. State of Ga.,* 123 Ga. App. 422 (181 SE2d 389) (cert. denied.)

2. The appeals allege that the aforesaid 1966 amendment is unconstitutional because it contains matter not expressed in the title in violation of Art. III, Sec. VII, Par. VIII of the Constitution (*Code Ann.* § 2-1908), namely, the following provision: "In no case shall the exemptions provided by this paragraph be allowed upon motor fuel used for the purpose of construction, reconstruction, maintenance or repair of public highways as 'public highways' are defined by section 92-1402 (G)." The caption of the 1966 Act says in part that it is "[a]n Act to amend section 92-1403 of the Georgia Code of 1933, as amended, . . . so as to strike the introductory paragraph and paragraphs (A) through (F) of section 92-1403 of the 'Motor-Fuel Tax Law' . . . and in lieu thereof, and in order to clarify the legislative intent to enact new paragraphs (A) through (F) . . . so as to provide for the levy of a tax on motor fuel and fuels not commonly measured by the gallon; . . . to exempt from the motor fuel tax such fuel when used by a licensed distributor for non-highway purposes; to provide a definition of 'highway use'; . . ." Although, as was held in the *Green* case, supra, the objected to provision in the 1966 amendment had the effect of eliminating a theretofore existing exemption, we cannot say that the provision was not germane to the above-quoted provisions of the Act specifically referred to in the caption, which, after all, were notice that the particular section granting the exemption was being repealed and reenacted. See *Undercofler v. Hosp. Auth. of Forsyth County,* 221 Ga. 501, 504 (145 SE2d 487). The phrase, "in order to clarify the legislative intent," considered with the fact that the statute had already been judicially

construed, shows a clear intent to deal comprehensively with the subject matter prospectively, since "one legislature has no power to declare the intent of a prior General Assembly in enacting a law, this being a legislative attempt to perform a judicial function by construing a law, which is not permissible under Constitutional provisions." *Undercofler v. Swint,* 111 Ga. App. 117, 119 (140 SE2d 894) and cit.

The statute was constitutional and applicable to the appellants; therefore the court did not err in its judgments assessing appellants' tax liability based thereon.

*Judgments affirmed. All the Justices concur, except Hawes, J., disqualified.*

ARGUED DECEMBER 13, 1971—DECIDED FEBRUARY 11, 1972.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, H. Perry Michael, Assistant Attorneys General,* for appellee.