702 P.2d 10

**PHELPS DODGE CORPORATION,**
Petitioner-Appellee,

v.

**The REVENUE DIVISION OF the DEPARTMENT OF TAXATION AND REVENUE OF the STATE OF NEW MEXICO, Defendant-Appellant.**

**No. 8070.**

Court of Appeals of New Mexico.

May 21, 1985.

Certiorari Denied June 25, 1985.

Paul G. Bardacke, Atty. Gen., Paula Forney-Thompson, Sp. Ass't. Atty. Gen., Taxation and Revenue Dept., Santa Fe, for defendant-appellant.

Charles L. Saunders, Jr., James O. Browning, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for petitioner-appellee.

**OPINION**

DONNELLY, Chief Judge.

The Revenue Division of the Taxation and Revenue Department (Tax Collector) appeals from a partial summary judgment entered by the district court directing Tax Collector to refund compensating taxes previously paid by Phelps Dodge (Taxpayer) incident to its mining operations in New Mexico. Two issues are raised on appeal: (1) whether a 1984 legislative amendment to the Tax Code is valid curative legislation and a proper exercise of legislative power; and (2) whether such legislation may be applied retroactively. We affirm.

**FACTS**

On December 28, 1983, Taxpayer filed a request with Tax Collector, pursuant to NMSA 1978, Section 7–1–26 (Repl.Pamp. 1983), for a refund of compensating taxes previously paid by it during the reporting period of 1980 through 1983. Taxpayer's request for refund was grounded upon a decision rendered by this court. *Ranchers-Tufco Limestone Project Joint Venture v. Revenue Division New Mexico Taxation & Revenue Dept.*, 100 N.M. 632, 674 P.2d 522 (Ct.App.), *cert. denied*, 100 N.M. 505, 672 P.2d 1136 (1983). *Ranchers* arose from a lawsuit which challenged Tax Collector's interpretation of NMSA 1978, Section 7–9–35 (Repl.Pamp.1983), which interpretation permitted uranium mining companies an exemption from the gross receipts tax but denied exemption for compensating taxes.[1] In *Ranchers* this court held in part that under Section 7–9–35, certain mining companies were exempt from the payment of compensating and gross receipts tax by reason of their payment of the resources tax. *Ranchers* held that the language of Section 7–9–35 was plain and unambiguous and entitled taxpayers to the benefit of both exemptions. *Ranchers* further stated:

Section 7–9–35 states that no provision of the Gross Receipts and Compensating Tax Act applies to the "privilege of en-

---

**1.** NMSA 1978, Section 7–9–12 (Repl.Pamp.1983), prior to the 1984 legislative amendment provided: "Exempted from the gross receipts or com-

pensating tax are those receipts or uses exempted in Sections 7–9–13 through 7–9–42 NMSA 1978."

gaging in the business" when the resources tax applies. The business of both taxpayers is severing natural resources. The definition of "severing" includes mining or producing any natural resources in New Mexico for sale or profit. Property used in the mine operations of the taxpayers as an integral part of the mining operation is used in the business of severing. [Citations omitted.] *Id.* at 643, 674 P.2d at 533.

Following the issuance of this court's opinion in *Ranchers,* and during the period that Taxpayer's refund request was pending, the state legislature enacted House Bill 6 (HB 6), 1984 N.M. Laws, ch. 2, §§ 1–10, materially amending and changing certain statutory definitions and exemptions contained in the New Mexico Tax Code, and specifically amending Section 7–9–35. The 1984 legislative amendment revised the language of Section 7–9–35 to provide that "[a] taxpayer subject to the Resources Excise Tax Act is also subject to the compensating tax pursuant to the Gross Receipts and Compensating Tax Act and any other taxes imposed by any tax act which is applicable to the taxpayer * * *." Section 10 of the 1984 Act declares that the legislature "finds that the intent of the legislature * * * has been misconstrued. It has been the intention of the legislature * * * that privileges for engaging in activities taxed under other tax acts would be exempt from only the gross receipts tax, unless otherwise specifically exempted from the compensating tax, and only to the extent specified by law." Section 10; compiled at NMSA 1978, § 7–9–12.1 (Supp. 1984); *see also* NMSA 1978, § 7–9–12 (Supp.1984).

House Bill 6 included legislative language directing that the amendments enacted by certain provisions of the act, including the amendment to Section 7–9–35, be given retroactive effect. "The provisions of Sections 2 through 5 [amendment of Section 7–9–35], 8 and 9 of this act apply to taxable events occurring on and after January 1, 1980." 1984 N.M.Laws, ch. 2, § 13.

Following the enactment of HB 6 on February 11, 1984, Tax Collector denied Taxpayer's claim for refund on February 13, 1984. Taxpayer filed a timely appeal from the denial of its refund in the District Court of Santa Fe County pursuant to Section 7–1–26(A)(2). The district court adopted findings of fact and conclusions of law determining that the 1984 statutory amendment to Section 7–9–35 should be accorded prospective application, but not retroactive effect. The trial court also concluded that "[t]he provisions of Chapter 2 of Laws 1984 respecting the exemption provided by * * * § 7–9–35 * * * are an attempt by the 1984 legislature to construe the meaning of that section as enacted by the 1969 legislature and cannot be given effect because they constitute an exercise of the judicial function * * * prohibited by Section 1 of Article III of the New Mexico Constitution."

## VALIDITY OF AMENDMENT

We jointly address Tax Collector's two issues on appeal. Both parties on appeal agree that the legislature had the authority to enact HB 6, amending the tax laws of this state. The dispute in this case turns upon the issue of whether the legislature may validly enact legislation directing that the 1984 statutory amendment shall be accorded retroactive application to January 1, 1980. Tax Collector argues that HB 6 was curative legislation and was intended to correct a technical defect in the tax laws which was pointed out by the *Ranchers* decision. Tax Collector in its brief-in-chief attacks the rationale of *Ranchers* and contends that the legislature may retroactively rewrite the language of Section 7–9–35 to reflect the interpretation previously placed upon the exemption statute by Tax Collector. Tax Collector argues that as curative legislation, the 1984 act came within the legislature's constitutional authority to affect present and future applications of the law to present and past situations.

Taxpayer argues that HB 6 substantially changed Section 7–9–35 by restricting Taxpayer's exemption to the gross receipts tax eliminating the compensating tax exemp-

tion upheld by *Ranchers*. Therefore, the 1984 amendment was not merely a correction of a technical defect, but was a substantive change of the statute. Taxpayer argues that a substantive change of the statute can only be constitutionally applied prospectively.

■ Taxpayer further argues that HB 6, if given retroactive application so as to deny its application for tax refund, violates Article IV, Section 34 of the New Mexico State Constitution which provides that "[n]o act of the legislature shall affect the right or remedy of either party * * * in any pending case." Tax Collector in response argues that Taxpayer's request for tax refund under Section 7–1–26 is not a "pending case" within the meaning of Article IV, Section 34 of the constitution. We disagree. Section 7–1–26 requires a taxpayer to first apply to the Director of the Bureau of Revenue for a tax refund. NMSA 1978, Section 7–1–22 (Repl.Pamp. 1983) provides that no court has jurisdiction to entertain any proceeding by a taxpayer until the taxpayer has exhausted his administrative remedies. If the claim is denied, the taxpayer may either apply to the director for further hearing on its claim or file suit in the district court asking the court to adjudicate the validity of the denial of the refused claim.

■ Article IV, Section 34, prohibiting the application of retroactive legislation to pending case was interpreted in *Stockard v. Hamilton*, 25 N.M. 240, 245, 180 P. 294 (1919), where the court held:

> This provision of the Constitution [Art. IV, § 34] was inserted for the purpose of curing a well-known method, too often used * * * [the enactment of new legislation was used] to win cases in the courts by legislation which changed the rules of evidence and procedure in cases which were then being adjudicated by the various courts of the state.

In the instant case, Taxpayer had formally applied for the tax refund requested in accordance with state law, and since exhaustion of administrative remedies is a prerequisite to seeking relief in the district court, Taxpayer is entitled to the protection extended by Article IV, Section 34 of the state constitution. Under the facts in this case, the legislature's enactment of HB 6, with retroactive application, violated Article IV, Section 34 of the New Mexico Constitution.

Further, in advancing its argument that HB 6 constitutes "curative" legislation and thus is entitled to retroactive application, Tax Collector relies in part upon *Welch v. Henry*, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87, *reh'g denied*, 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938); *Purvis v. United States*, 501 F.2d 311 (9th Cir.1974), *cert. denied*, 420 U.S. 947, 95 S.Ct. 1329, 43 L.Ed.2d 425 (1975); *Ferguson v. Superior Court of Maricopa County*, 76 Ariz. 31, 258 P.2d 421 (1953); and *Mecham v. State Tax Commission*, 17 Utah 2d 321, 410 P.2d 1008 (1966). Examination of these authorities indicates that the common thread in each of these cases was that the legislation sought to be given retroactive application did not substantively change the result of judicial application of tax law retroactively. In the case at bar, HB 6 sought to abrogate the interpretation of the exemption statute in *Ranchers* found to be clear and unambiguous and to preclude the decision in *Ranchers* from being accorded normal *stare decisis* effect.

The instant case is similar to a decision rendered by the Arkansas Supreme Court in *Federal Express Corp. v. Skelton*, 265 Ark. 187, 578 S.W.2d 1 (1979). In that case the court cited the Arkansas constitutional prohibition against any department exercising power invested in another, and held:

> Sections * * * of [the] Act * * * is [sic] a clear attempt by the 1975 General Assembly to interpret a law enacted by the 1949 General Assembly after this Court has interpreted and applied that law. We think this violates the Separation of Powers principle. The legislature can prospectively change the tax laws of this state * * * but it does not have the power or authority to retrospectively abrogate judicial pronouncements of the courts of this State by a legislative inter-

24

pretation of the law. The 1975 legislature cannot state what the 1949 legislature intended when it enacted Act 487 of 1949; such interpretation falls exclusively within the province of the judicial branch. For the 1975 legislature to declare the intent of a prior legislature and make the declaration retroactive so as to affect an interpretation already rendered by the courts is an abuse of legislative power which violates the Separation of Powers Doctrine. [Citations omitted.] 578 S.W.2d at 7–8.

Similarly, the Illinois Supreme Court in *Roth v. Yackley*, 77 Ill.2d 423, 33 Ill.Dec. 131, 396 N.E.2d 520 (1979) invalidated a legislative amendment which sought to declare legislative intent retroactively regarding an earlier statute. There, the court held, "[t]he General Assembly's subsequent declaration of prior intent cannot alter the clear import of the prior statutory language." 396 N.E.2d at 522. *See also Road Builders, Inc. of Tennessee v. Hawes*, 228 Ga. 608, 187 S.E.2d 287 (1972); *Des Moines Independent Community School District v. Armstrong*, 250 Iowa 634, 95 N.W.2d 515 (1959). Ordinarily a change in legislative language "is evidence that the previous statute meant the 'exact contrary.'" *State v. Foglia*, 182 N.J.Super. 12, 440 A.2d 16, 18 (1981).

While it is clear that the courts in New Mexico have recognized the effect of curative legislation, *Worman v. Echo Ridge Homes Cooperative, Inc.*, 98 N.M. 237, 647 P.2d 870 (1982), the new legislation must not alter the clear language of a prior statute if it is to be applied retroactively. Since this court in *Ranchers* was able to ascertain and apply the "plain meaning" rule of statutory construction when interpreting Section 7–9–35, the 1984 changes to Section 7–9–35 were substantive, rather than clarifications of a statute that this court found to be plain and unambiguous in *Ranchers*. In *City of Santa Fe v. Armijo*, 96 N.M. 663, 634 P.2d 685 (1981), the court referred to a statute as "curative" which attempted to validate a zoning ordinance which had been adopted without authority, and held that the city's lack of authority to adopt the ordinance could not be "cured" retroactively.

Careful scrutiny of HB 6 indicates that the law seeks to correct the interpretation of a number of the definitions and exemptions in the state tax laws. The title to the act provides: "An Act Relating to Taxation; Changing and Clarifying Certain Definitions and Exemptions * * *." Undeniably, the provisions of HB 6, changing the applicability of the exemptions set out in Section 7–9–35, are within the proper reach of legislative authority, however, since HB 6 substantively changes the exemption provisions of Section 7–9–35, the statute must be accorded prospective application only. Changes, not merely clarifications, of an existing law cannot be constitutionally applied retroactively. *Federal Express Corp. v. Skelton.*

The tax collector in *Ranchers* did not argue that the case should be limited to prospective application, but seeks to advance that contention in the instant case.

The provisions of HB 6, modifying the right to claim tax exemptions, may be prospectively applied as emergency legislation only from and after February 11, 1984, the date the legislation was signed into law. The district court's granting of plaintiff's partial summary judgment motion is supported by either our holding that HB 6, as a substantive tax amendment, may not be constitutionally applied retroactively or our holding that Phelps Dodge is protected by the safeguards in Article IV, Section 34 of the state constitution. Either ground is sufficient to uphold the district court's ruling. *Ranchers* embodies the applicable interpretation of Section 7–9–35 for taxable events occurring before February 11, 1984. The order of the district court finding that the provisions of HB 6 do not bar Taxpayer from seeking the refund, is affirmed.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.