405 P.2d 224

N B S CORPORATION, Plaintiff-Appellee,

v.

Robert VALDEZ, Commissioner of Revenue, Bureau of Revenue, State of New Mexico; and Joe Callaway, State Treasurer, State of New Mexico, Defendants-Appellants.

No. 7518.

Supreme Court of New Mexico.

March 15, 1965.

Rehearing Denied Sept. 13, 1965.

Kellahin & Fox, Santa Fe, for appellee.

Earl E. Hartley, Atty. Gen., Norman S. Thayer, Joel M. Carson, Jerry Wertheim, Asst. Attys. Gen., Santa Fe, for appellants.

CHAVEZ, Justice.

Defendants-appellants appeal from a judgment which determined that plaintiff-appellee was entitled to a refund of succession tax in the sum of $13,776.40 theretofore paid to appellant Bureau of Revenue by appellee's predecessor in interest upon demand of said Bureau of Revenue, but under protest. Charles C. Brunacini and Joseph B. Grant were substituted for the original defendants, Commissioner of Revenue and State Treasurer, respectively. The trial court concluded that, under New Mexico law, the sum paid to the federal government as federal estate tax should be deducted from the gross value of the estate of the decedent Nathan B. Stern, in arriving at the value of decedent's estate for computing and assessing New Mexico succession tax.

The facts are undisputed and, as stipulated by the parties, are as follows:

"(1) The executors of the estate of Nathan B. Stern, sometimes known as N. B. Stern, deceased, being the predecessors in interest of the above named N B S Corporation, were assessed and paid federal estate tax on the estate of said decedent in the sum of $181,873.34.

"(2) The Bureau of Revenue, Succession Tax Division, State of New Mexico, does refuse and has refused to deduct the aforesaid $181,873.34 from the gross value of the estate of said decedent for the purpose of computing and assessing succession tax against the said estate.

"(3) The New Mexico succession tax in fact assessed and paid together with penalties and interest assessed and paid to the State of New Mexico were as follows:

| | |
|---|---|
| Tax | $29,389.40 |
| Penalty | 2,938.94 |
| Interest | 7,066.46 |
| TOTAL | $39,394.80 |

"(4) The total New Mexico succession tax which would have been assessed, together with penalties and interest, if the federal estate tax in the amount of $181,873.34 had been deducted from the gross value of the estate of said decedent, is as follows:

| | |
|---|---|
| Tax | $20,295.74 |
| Penalty | 2,029.57 |
| Interest | 3,293.09 |
| TOTAL | $25,618.40 |

"(5) The difference between the total shown in paragraph (3) above and paragraph (4) above is $13,776.40."

The trial court found:

"8. That the assessment and collection of said $13,776.40 by said Bureau of Revenue is and was wholly illegal in that said Bureau of Revenue, in fixing the valuation of said estate for succession tax purposes and in computing the amount of succession tax payable to the State of New Mexico by said executors of said estate, has refused to deduct from the gross value of said estate the amount of $181,873.34, being the sum assessed against said estate by, and paid by said estate to, the United States Government as Federal estate tax; that if said Federal estate tax had been deducted from the gross value of said estate in determining the value of said estate for assessing and computing New Mexico Succession tax, said $13,776.40 would not have been assessed against or paid by the executors of said estate to said Bureau of Revenue.

"9. That said respondents should be required to refund to petitioner the sum of $13,776.40, as having been erroneously and illegally assessed and collected, under protest, as aforesaid."

Appellants' sole contention is that the trial court erred in making its conclusion of law No. 2, in that federal estate taxes should not be deducted in computing the value of the decedent's estate for New Mexico estate tax purposes. Conclusion of law No. 2 reads:

"2. That, under New Mexico law, the sum paid to the Federal government as Federal Estate Tax should be deducted from the gross value of the estate of a decedent, in this case the estate of Nathan B. Stern, in arriving at the value of Decedent's estate for computing and assessing New Mexico succession tax."

In 85 C.J.S. Taxation § 1187b, pp. 1046–1047, it is stated:

"* * * Whether a federal estate tax may be deducted, or may not be deducted in particular instances, or what part of it may be deducted, in computing the amount of the estate which is subject to a state inheritance tax depends on the terms of the particular state statute involved as applied to the factual situation involved. The deduction is allowed under some statutes on the theory that the legatees, heirs, or other beneficiaries do not receive the amounts thus paid and should not be taxed on property which they can never enjoy. * * *"

In 28 Am.Jur., Inheritance, Estate, and Gift Taxes, § 401, pp. 303–304, the rule is stated as follows:

"The rule in a majority of the states is that the federal estate tax should be deducted before assessing a tax under a state inheritance tax law. * * * Again, it is held that the deduction should be made for the reason that the federal tax is a tax upon the right to transmit the estate, whereas the state tax is based upon the value of the property received. A contrary doctrine is adhered to in some states, although it has been observed that it is not a question of conflict between the cases, but a difference in statutory enactments, as those enactments are construed by the courts. * * *"

See also, Anno. 7 A.L.R. 714; 16 A.L.R. 702; 23 A.L.R. 849; 31 A.L.R. 992; and 44 A.L.R. 1461.

The construction placed upon inheritance statutes by the courts in other states shows an entire lack of harmony. About the only effect that can be given to those decisions is that the weight of authority is in favor of the deduction of the federal tax. It is our view that this question can be better resolved, and the intention of our legislature correctly determined, without attempting to reconcile the conflicting decisions of other states and by limiting our discussion to the consideration of the provisions of the New Mexico statute itself. The pertinent statutes, §§ 31–16–2, 31–16–3, N.M.S.A., 1953 Comp., provide:

"All estates which shall pass by will or inheritance or by other statutes to the parent or parents, husband, wife, or lineal descendants, or legally adopted child of the deceased person, shall be liable to, and there is hereby imposed thereon, a tax of one per centum [1%] of its value for the use of the state; and any such estate or interest therein which shall so pass to collateral kindred, or to strangers to the blood, or to any corporation, voluntary association, or society, shall be liable to, and there is hereby imposed thereon, a tax of five per centum [5%] of its value for use of the state. All executors and administrators shall be liable for all such taxes, with interest thereon at the rate of ten per centum [10%] per annum from the time when said taxes shall become payable until the same shall have been paid as hereinafter directed.

"For the purpose of computing the tax due under article 11 of chapter 141, New Mexico Statutes Annotated, 1929 Compilation, there shall be deducted from the gross value of the estate all exemptions provided in section 1 [31–16–1] of this act and any other exemptions allowed in said article 11 of chapter 141, as well as the funeral expenses of the decedent, the costs of administration, the indebtedness of decedent at the time of his death, in-

cluding the amount of any encumbrance, lien or charge of any nature existing at the time of the death of decedent upon any property owned by decedent, for the payment of which the decedent was not personally liable but which must be paid or discharged in order to preserve the interest of decedent in such property."

If appellants' contention is sustained and the tax upheld, appellee would be paying a tax upon a tax and upon property that they have never received.

■ The rule of construction of tax statutes in New Mexico is stated in Southern Pac. Ry. Co., v. State, 34 N.M. 479, 284 P. 117, as follows:

"'Statutes imposing taxes and providing means for the collection of the same should be construed strictly in so far as they may operate to deprive the citizen of his property by summary proceedings or to impose penalties or forfeitures upon him; but otherwise tax laws ought to be construed with fairness, if not liberality, in order to carry out the intention of the legislature and further the important public interests which such statutes subserve.'"

See also, Amarillo-Pecos Valley Truck Lines, Inc. v. Gallegos, 44 N.M. 120, 99 P.2d 447; Beatty v. City of Santa Fe, 57 N.M. 759, 263 P.2d 697.

■ In our opinion a tax, which is computed upon property which the transferee never receives and which is computed upon another tax, imposes a penalty or forfeiture upon the person required to pay such tax. It is for this reason that the statute in question must be construed strictly in favor of the taxpayer. With this construction in mind, we now examine the history of the statute in question.

Section 31–16–2, supra, Laws 1921, Ch. 179, § 2, entitled "An Act Providing for a Succession Tax, * * *." was carried forward as § 34–102, N.M.S.A., 1941 Comp., and at p. 888 as a note to § 34–101 under the heading "Title of Acts," the compiler states: "An act providing for a succession tax, * * *." This court, in State v. Gomez, 34 N.M. 250, 280 P. 251, in regard to Ch. 122, Laws 1919, said:

"Since we have held with appellees that the statute under examination is a succession tax or a tax upon the right or privilege to succeed to the property of the deceased, * * *."

Chapter 122, Laws 1919, was repealed by Ch. 179, Laws 1921, but only insofar as Ch. 122 contained inconsistent legislation. Therefore, our interpretation of Ch. 122, Laws 1919, remained as precedent because Ch. 122, as to the type of tax, was in no way inconsistent with Ch. 179, Laws 1921.

Section 31–16–3, supra, Laws 1937, Ch. 181, § 2, was carried forward in the 1941

Compilation as § 34–103. Chapter 181, Laws 1937, was entitled "An Act Relating to Estate Taxes, * * *." The word "estate" is not enough evidence to convince this court that the legislature intended the tax to be a tax on the transfer of the estate and not on the value of the estate when received. These three sections are identical in all material provisions and, as has been noted above, § 34–101, N.M.S.A., 1941 Comp., was denominated a "Succession Tax."

Thus it is apparent that, from the first legislation on this subject in 1919 until the present statutes, the statute in question provides for a succession tax. Our holding in State v. Gomez, supra, is applicable to the present tax statute. See also, 40A Words and Phrases, Succession Tax, pp. 14–18.

In In re Inman's Estate, 101 Or. 182, 199 P. 615, 16 A.L.R. 675, the court stated:

"A few adjudications holding that the federal estate tax is not deductible reach that conclusion by applying the reasoning employed by precedents which have ruled against deductibility where the statutes involved were a state inheritance tax statute and the national inheritance tax act of 1898 * * *; but, we repeat, such adjudications are not in point, because they involve two taxes which are alike in language, and touch the same thing at the same time and at the same point

* * * So far as we have been able to discover, every reported judicial opinion which recognizes and observes the well-defined and universally acknowledged distinction between an estate tax and an inheritance tax is to the effect that the federal estate tax must be deducted before measuring the amount of the state inheritance tax, unless, however, some peculiar and unusual language appearing in the state statute controls and produces a different result. * * *"

In In re Miller's Estate, 184 Cal. 674, 195 P. 413, 16 A.L.R. 694, it is said:

"The state tax, then, being a succession tax, a tax upon what the transferee receives, and the federal tax being an estate tax, a tax upon what the decedent leaves, there would seem to be no escape from the conclusion that the federal tax must be deducted in order to determine the amount upon which the state tax should be levied, since it is plain that what the transferee receives is only the portion of what the decedent left which remains after the federal tax is taken. We might apply here the language from Estate of Kennedy [157 Cal. 517, 108 P. 280, 29 L.R.A., N.S., 428] already quoted that—

" 'It would appear to be a most absurd and inequitable provision that imposed a tax on one for the privilege

of succeeding as heir, devisee, or legatee to certain property of the decedent, where the very property to which he is so held to succeed is lawfully diverted by the probate court * * * to other purposes and never can be distributed to him.' "

The wording in Bingham's Adm'r v. Commonwealth, 196 Ky. 318, 244 S.W. 781, is particularly applicable in the case at bar wherein the court stated:

"We think it is clear, therefore, that the opinions of the courts accepting the minority view, and relied upon by the commonwealth, are based upon reasons too diverse and, as will later appear, too variant from our conception of our own law's meaning to justify our acceptance of the minority view * * *.

"In view of the length to which this opinion will be necessarily extended, we cannot attempt to harmonize all the reasoning upon which the courts of last resort in 10 states have reached the same conclusion, that the federal tax is deductible before computing the state inheritance tax. We think it sufficient to say that in all of them the deduction was allowed principally, if not solely, because of a conviction that the state law contemplated an assessment of the state tax upon the net beneficial interest that the recipient would actually receive, rather than up-on the interest which theoretically and technically may have passed under the will or gift of the decedent, but which before it beneficially reached the transferee was lessened by the federal tax on the transaction. This construction of a state inheritance tax law is desirable, if permissible under the language in which it is expressed, since it makes it fair and just, and relieves the court of imputing to the Legislature an intention to levy a tax upon the federal tax which the recipient of the estate could never receive or enjoy for a minute, and which the state could not prevent, unless, perhaps by doing the recipient the unthinkable wrong of escheating the whole estate.

" * * * This construction, besides being entirely consistent with the language employed, relieves the statute of the manifest injustice of requiring the transferee to pay an inheritance tax upon the amount of the federal tax; leaves undisturbed our decisions that administration costs are deductible; avoids any possible conflict of authority between the state and federal governments; is sustained by the overwhelming weight of authority; and in our judgment is supported by the better reasoning. It is therefore adopted."

 .Our statute does not expressly forbid the deduction of federal taxes, nor

does it specifically allow a deduction of any taxes in computing the inheritance tax. In addition, the tax levied is not termed an estate or transfer tax. Our legislature could have included provisions of this kind had it so desired. Conversely, the provisions of § 31–16–2, supra, refer to the tax as being levied upon:

"All estates which shall pass by will or inheritance * * * to the parent or parents, husband, wife, * * * shall be liable to, and there is hereby imposed thereon, a tax of one per centum [1%] of its value * * *."

We cannot conclude from this provision that the tax was intended to be levied on the right of the deceased to transfer his property. We believe the words used imply the placing of a tax on whatever the beneficiary receives—the beneficial interest. The title of the chapter containing our statute is "Taxation of Inheritances and Transfers." The word "Transfers" in the title is not sufficient to make the tax a transfer or estate tax, especially in view of the fact that it has been considered that § 31–16–1, supra, is "An act providing for a succession tax, * * *."

We believe that the legislative intent is clear that the beneficiaries should not be taxed on any portion of the property not received. In view of our holding, we do not decide the question of whether federal estate taxes are properly a cost of administration under our statute.

The judgment will be affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.