624 P.2d 1010

**MOLYCORP, INC., Petitioner-Appellant,**

v.

**STATE CORPORATION COMMISSION, John A. Elliott, Columbus Ferguson, Charles R. Rudolph, Commissioners, Manuel L. Salinas, Director of Corporation and Franchise Tax Department, and State of New Mexico, Respondents-Appellees.**

No. 13108.

Supreme Court of New Mexico.

March 10, 1981.

Campbell, Cherpelis & Pica, Nicholas R. Pica and Roger Eaton, Albuquerque, for petitioner-appellant.

Jeff Bingaman, Atty. Gen., Patrick Ortiz and Mary Ann Hughes, Asst. Attys. Gen., Santa Fe, for respondents-appellees.

## OPINION

SOSA, Senior Justice.

The issue before this Court on appeal from the District Court of Santa Fe County is whether the failure of the appellant, Molycorp, Inc., to protest the assessment of franchise taxes within fifteen days of the assessment pursuant to Section 51–13–8, N.M.S.A. 1953 (Section 53–3–7, N.M.S.A. 1978, repealed 1978 N.M. Laws, ch. 139, § 24, effective January 1, 1979), barred its right to apply for and receive a refund of such taxes from the appellee, New Mexico Corporation Commission, pursuant to Section 51–13–12.1, N.M.S.A. 1953 (Section 53–3–10, N.M.S.A. 1978, repealed 1978 N.M. Laws, ch. 139, § 24, effective January 1, 1979). The district court held that the Corporation Commission was under no duty to refund to Molycorp all franchise taxes allegedly erroneously paid by Molycorp under Section 51–13–1 through 51–13–12.1, N.M. S.A. 1953 (Orig. Pamp. and Supp.1975), since Molycorp had failed to protest the assessment of such taxes. We reverse.

Molycorp, Inc. is a corporation licensed and doing business in New Mexico. During the years 1962 through 1974, Molycorp paid New Mexico corporate franchise taxes of $161,975.34. On October 7, 1975, Molycorp filed amended tax returns for those years requesting a refund of $161,835.34. The request for a refund was denied on January 7, 1976, by the State Corporation Commission, on the basis of Attorney General Opinion 75–76 (1975). Molycorp then brought suit in the district court requesting (1) a

**614**

writ of mandamus directing the Corporation Commission to process its refund application and (2) a declaratory judgment that the Corporation Commission's denial of its application for a refund was unlawful inasmuch as it was based solely on Attorney General Opinion 75–76. The district court held in favor of the appellee. Molycorp then brought this appeal.

■ The primary question in this case is whether Section 51–13–12.1 must be interpreted as operating together with Section 51–13–8. It should be noted with regard to statutory construction that a statute is to be construed strictly against the state where the applicability of a tax statute is ambiguous or doubtful in meaning or intent. *Westland Corporation v. Commissioner of Revenue*, 83 N.M. 29, 487 P.2d 1099 (Ct.App.1971), *cert. denied*, 83 N.M. 22, 487 P.2d 1092 (1971).

Section 51–13–8 provides that, if a corporation against which any franchise tax is assessed believes such assessment to be erroneous or excessive, it may protest the *assessment* within fifteen days from the date of the assessment by filing with the Corporation Commission a petition for review of such assessment. Decisions of the Commission are reviewable upon certiorari by the district court. Certiorari shall not be granted by the district court unless the corporation has paid the amount of tax which it admits to be due. Section 51–13–12.1 provides that whenever any franchise taxes have been erroneously *paid*, the corporation having paid them may apply to the Corporation Commission for a refund. Attorney General Opinion 75–76 construed Section 51–13–12.1 to mean that a taxpayer could only apply for a refund of taxes erroneously paid if the taxpayer challenged the assessment of the taxes within fifteen days of the assessment pursuant to Section 51–13–8.

> Failure to file a petition for review of the assessment results, in effect, in the taxes being paid "without protest." Such 'a` payment will prevent the corporation from obtaining review of the assessment and will eliminate the possibility of a refund.

75–76 Op. Att'y Gen. 205 (1975). This construction leads to an illogical result in the case where, as here, the taxpayer did not discover that the assessment was erroneous until some time after the fifteen-day period. Unless the two sections are considered to be two separate remedies, no taxpayer who believed that the assessment was correct but which turned out later to be erroneous could ever apply for a refund. Also, since Section 51–13–8 requires payment not of the amount assessed but only of the amount which the taxpayer admitted was due, again no taxpayer would ever apply for a refund under Section 51–13–12.1 which provides for a refund of *erroneous* payments.

■ Prior to the Attorney General Opinion, the Corporation Commission had a practice of making refunds to corporations which had overpaid their franchise tax without regard to the protest provisions of Section 51–13–8. Persuasive weight is given to long-standing interpretations of a doubtful or uncertain statute by the administrative agency charged with administering the statute. *Martinez v. Research Park, Inc.*, 75 N.M. 672, 410 P.2d 200 (1965), *overruled on other grounds*, 86 N.M. 151, 520 P.2d 1096 (1974).

It should also be noted that the legislature has revised the provisions of the Franchise Tax Act with regard to both the protest of an assessment and the filing of a claim for a refund. Section 53–3–22, N.M. S.A. 1978 (Cum.Supp.1979), requires a corporation to elect to dispute its liability for the payment of taxes either by protesting the assessment without making payment (as provided in Section 53–3–23, N.M.S.A. 1978 (Cum.Supp.1979)), or by claiming a refund after making payment (as provided in Section 53–3–25, N.M.S.A. 1978 (Cum. Supp.1979)). Thus, a taxpayer is currently provided with alternate remedies.

■ For the foregoing reasons, we hold that Molycorp's right to apply for a refund of franchise taxes under Section 51–13–12.1 was not barred by its failure to protest the assessment under Section 51–13–8. The

judgment of the district court is accordingly reversed and the case remanded for further consideration of those issues raised below but not decided due to the district court's disposition of the case on the basis of statutory construction.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.