848 P.2d 532

COLFAX COUNTY, A New Mexico County, Selma Gutierrez, Colfax County Treasurer, Mary Ann Hunter, E.K. Sunny Bernard, and Joe Gallegos, Board of County Commissioners, Colfax County, New Mexico, Plaintiffs–Appellants,

v.

ANGEL FIRE CORPORATION, Sangre De Cristo Limited Partnership I, Sangre De Cristo Limited Partnership II, Sangre De Cristo Limited Partnership III, Sangre De Cristo Limited Partnership IV, Gary D. Plante, Ronald L. Evans, Moreno Valley, Inc., Angel Fire Ski Corporation, Starfire Resorts, Inc., Agency Del Sol, Inc., Portfolio Services, Inc., Two Moreno Valley Inc., and Guaranty Federal Savings Bank, Greycas, Inc., State of New Mexico Taxation and Revenue Department, Greyhound Real Estate Finance Company, Banquest First National Bank, Investors Mortgage Corporation, Resolution Trust Corporation, and First Federal Savings and Loan Association (to the extent said association exists), Defendants–Appellees.

No. 12502.

Court of Appeals of New Mexico.

Feb. 9, 1993.

Harold Breen, Colfax County Atty., Taos, for plaintiffs-appellants.

Elvin Kanter, Kanter & Everage, P.A., Jacqueline De Oliveira Bregman, Albuquerque, for defendants-appellees Paragraph One.

Bernard Kolbor, Charlotte H. Hetherington, Simons, Cuddy & Friedman, Santa Fe, for defendants-appellees Greyhound Real Estate Finance Co. and Greycas, Inc.

William J. Arland, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee Resolution Trust Corp.

Daniel A. Bryant, Parsons & Bryant, P.A., Otero County Attys., Ruidoso, Kent Cooper, Luna County Atty., Deming, Warren Frost, Curry County Atty., Clovis, Val Ann Van Buren, Asst. Dist. Atty., County of Roosevelt, Portales, David Pederson, McKinley County Atty., Gallup, Mark I. Bannister, Dist. Attorney's Office, County of Quay, Tucumcari, Bill Baggett, San Juan County Atty., Aztec, Terry Brennan, Santa Fe County Atty., Santa Fe, amicus curiae, Counties of Otero, Curry, Luna, McKinley, Quay, Roosevelt, San Juan, and Santa Fe.

Gerald B. Richardson, Sp. Asst. Atty. Gen., Taxation and Revenue Dept., Santa

Fe, amicus curiae New Mexico Taxation and Revenue Dept.

## OPINION

ALARID, Judge.

Colfax County, the Colfax County Treasurer, and members of the Colfax County Commission (hereinafter "Appellants") seek reversal of the district court's ruling granting summary judgment and dismissing their complaint for the collection of delinquent property taxes. Two issues are raised on appeal: (1) whether the county treasurer has the authority to file suit to enforce the personal obligation of owners of real property for the collection of delinquent property taxes; and (2) whether the county treasurer can proceed against property subject to a statutorily created tax lien and thereby force the sale of the property upon which taxes are owed.

The district court held that (1) county treasurers are granted no authority in the tax code to file suit to enforce the personal obligation of owners of real property for collection of delinquent property taxes; and (2) the New Mexico Taxation and Revenue Department has the exclusive authority to proceed against property subject to delinquent real property taxes and, as a consequence, county treasurers are granted no authority to either foreclose real property tax liens or to cause the sale of real property. We affirm.

## FACTS

Appellants brought suit in February 1990 against certain Colfax County property owners (hereinafter "Angel Fire") and lienholders (hereinafter "Security Defendants"). Appellants claimed Angel Fire failed to pay property taxes to the Colfax County Treasurer pursuant to NMSA 1978, Section 7–38–46 (Repl.Pamp.1990). Specifically, Appellants sought personal judgment against the owners of the Colfax County property for payment of taxes and to foreclose property tax liens created by NMSA 1978, Section 7–38–48 (Repl.Pamp.1990). Moreover, Appellants sought a judicial order demanding sale of the property upon which the taxes were owed "in accordance with the course and practice of [the district] court." Each Security Defendant was alleged to have an interest in the property owned by Angel Fire. By naming all of Angel Fire's Security Defendants, the treasurer sought to establish a statutory lien preference over those secured parties.

After the initial complaint was filed in district court, Angel Fire and one Security Defendant filed separate motions to dismiss. Thereafter, an Amended Complaint was filed, the Motions to Dismiss were renewed, and a second Security Defendant filed a Motion for Summary Judgment. Subsequently, the district court held a hearing on the motions on May 17, 1990, and granted both the Motion for Summary Judgment and the Motions to Dismiss. Specifically, the district court found that the "Taxation and Revenue Department of the State of New Mexico has the exclusive authority to proceed against property subject to delinquent real property taxes" and that Appellants had "no authority to either foreclose a real property tax lien or to cause the sale of real property pursuant to the Property Tax Code."

In addition, the district court found that neither county treasurers nor county commissioners are granted authority by the Property Tax Code to file suit to enforce the personal obligation of owners of real property to pay the delinquent taxes on their real property. After an Amended Final Judgment and Order was entered, this appeal followed.

## DISCUSSION

### County Treasurers' Authority

■ The controlling issue in this appeal is whether New Mexico county treasurers have the authority to enforce two statutory provisions concerning the collection of delinquent property taxes. As a preliminary matter, we note that property tax law in New Mexico is governed by the provisions of the Property Tax Code, NMSA 1978, Chapter 7, Articles 35 through 38 (Repl.Pamp.1990). Specifically, Article 38 "applies to the administration and enforcement of all taxes imposed under the Property Tax Code." § 7–38–1.

Section 7–38–47 states that "[p]roperty taxes ... are the personal obligation of the person owning the property ... and a personal judgment may be rendered against him for the payment of property taxes that are delinquent together with any penalty and interest on the delinquent taxes." However, the statute does not inform the reader which governmental body or subdivision is authorized to seek the personal judgment, nor are there any annotated cases aiding in the interpretation of this statutory provision. Accordingly, we note that the issue in this appeal presents a question of first impression for this Court.

In an attempt to persuade us to uphold the district court, Angel Fire and various Security Defendants point out the absence of specific language authorizing county treasurers to enforce this provision in court. Appellants, however, counter that the language of the statute does not explicitly prohibit them from enforcing this statutory provision. Appellants also argue that the district court's ruling effectively "writes-in" additional language into Section 7–38–47, restricting the right to seek a personal judgment for delinquent taxes to the Taxation and Revenue Department.

As evidence of the legislature's intent to grant to county treasurers the authority to seek personal judgments against property owners, Appellants point to Section 7–38–42. Section 7–38–42(A) states that county treasurers have "the responsibility and authority for collection of taxes and any penalties or interest due under the Property Tax Code ... except for the collection of delinquent taxes, penalties and interest authorized to be collected by the [taxation and revenue] department under Section 7–38–62." In short, we believe Appellants base their entire appeal on this language found in Section 7–38–42.

However, we are not persuaded by this argument and disagree that the legislature intended for both the Taxation and Revenue Department and county treasurers to be able to enforce the personal obligation provision found in the Property Tax Code. The rule of construction of tax statutes in New Mexico provides:

Statutes imposing taxes and providing means for the collection of the same should be construed strictly in so far as they may operate to deprive the citizen of his property by summary proceedings or to impose penalties or forfeitures upon him; but otherwise tax laws ought to be construed with fairness, if not liberality, in order to carry out the intention of the legislature and further the important public interests which such statutes subserve.

*Southern Pac. Ry. Co. v. State*, 34 N.M. 479, 481, 284 P. 117, 117 (1930); *see N B S Corp. v. Valdez*, 75 N.M. 379, 405 P.2d 224 (1965); *Beatty v. City of Santa Fe*, 57 N.M. 759, 263 P.2d 697 (1953); *Amarillo–Pecos Valley Truck Lines, Inc. v. Gallegos*, 44 N.M. 120, 99 P.2d 447 (1940).

We believe, because Section 7–38–47 fails to expressly state that county treasurers are authorized to bring collection actions in district court and because we can find no other explicit statutory authorization for them to do so, that county treasurers are forbidden from enforcing the personal obligation provision found in the Property Tax Code. If a tax statute is ambiguous or doubtful in meaning or intent, it is to be construed strictly against the taxing authority. *Molycorp, Inc. v. State Corp. Comm'n*, 95 N.M. 613, 624 P.2d 1010 (1981). We consider it significant, as Angel Fire and Security Defendants point out, that the statute which does authorize the Taxation and Revenue Department to enforce the personal obligation provision is explicit in its description of the Department's use of this enforcement power. *See* § 7–38–62 (the authority of the Taxation and Revenue Department to collect delinquent taxes "includes bringing collection actions in the district courts based upon the personal liability of the property owner for taxes as well as for the actions authorized in the Property Tax Code ... for proceeding against the property subject to the tax for collection of delinquent taxes").

As further evidence of our belief that the legislature intended that the Taxation and Revenue Department should be the only governmental subdivision to enforce this

provision, we take note that NMSA 1978, Section 4–43–2 (Repl.Pamp.1992), listing the duties for county treasurers in the State of New Mexico, is devoid of any authorization for county treasurers to bring enforcement actions. County treasurers' specific statutory duties listed in that section are: keeping account of all moneys received and disbursed; keeping regular accounts of all warrants drawn on the treasury and paid; and keeping the books, papers, and moneys pertaining to the office ready for inspection by the county commissioners at all times. *Id.* There is a noticeable lack of authority for county treasurers to initiate collection actions.

Nonetheless, we do acknowledge that limited statutory authorization for county treasurers' tax collection activities can be found in NMSA 1978, Section 4–43–3 (Repl.Pamp.1992). However, that section merely states that the "treasurers of the several counties are ex-officio collectors for their respective counties and have all the powers and duties provided by law for county collectors." Our research concerning explicit authority for county treasurers to act as county tax collectors uncovers authorization for treasurers to collect delinquent property taxes only on personal property. *See* § 7–38–53 (a county treasurer may collect delinquent property taxes on personal property by asserting a claim against the owner's personal property). Thus, although we believe it could be possible to construe this broad language as granting to treasurers the authority to enforce the personal obligation provision found in the tax code, we decline to do so. Our duty in examining tax statutes is to find that interpretation which can most fairly be said to be imbedded in the statute in the sense of being most harmonious with its scheme and the general purpose that the legislation manifested. *Pittsburgh & Midway Coal Min. Co. v. Revenue Div.*, 99 N.M. 545, 559, 660 P.2d 1027, 1041 (Ct. App.), *appeal dismissed*, 464 U.S. 923, 104 S.Ct. 323, 78 L.Ed.2d 296 (1983).

■ We believe the legislature's explicit grant of authority to the Taxation and Revenue Department to enforce the personal obligation provision in district court, and the legislature's explicit grant of authority to county treasurers to only collect delinquent taxes on personal property, is reflective of the legislature's practice of authorizing tax collection procedures in specific and explicit terms. A county is but a political subdivision of the state, and it possesses only such powers as are expressly granted to it by the legislature, together with those necessarily implied to implement those express powers. *El Dorado at Santa Fe, Inc. v. Board of County Comm'rs* 89 N.M. 313, 317, 551 P.2d 1360, 1364 (1976).

We apply this same reasoning to the question of whether county treasurers are authorized to enforce real property tax obligations by suits in district court. Accordingly, we hold that, in the absence of express statutory authorization, the county treasurers do not have such authority.

Property Tax Lien

■ Section 7–38–48 instructs us that "[t]axes on real property are a lien against the real property." Section 7–38–48 also states that the "lien runs in favor of the state and secures the payment of taxes on the real property and any penalty and interest that becomes due." As with the problem noted above in Section 7–38–47, Section 7–38–48 fails to inform us which specific governmental body is authorized to foreclose the statutorily created tax lien.

Nevertheless, Appellants contend that Section 7–38–48 empowers county treasurers to proceed against property subject to the statutorily created tax lien and thereby force the sale of the property upon which taxes are owed. We disagree and briefly outline the pertinent statutory provisions which govern the sale of real property for the collection of delinquent property taxes.

Section 7–38–61 informs us that county treasurers shall prepare a property tax delinquency list of all property for which taxes have been delinquent for more than two years. In addition, Section 7–38–61 instructs us that the county treasurers shall make a notation on the property tax schedule indicating that the account has

been transferred to the Property Tax Division of the Taxation and Revenue Department for collection. Likewise, Section 7–37–62 informs us that after receiving the tax delinquency list, the Taxation and Revenue Department has the "exclusive authority" to take all action necessary to collect delinquent property taxes. *See Johnson v. Rodgers,* 112 N.M. 137, 138 n. 2, 812 P.2d 791, 792 n. 2 (1991) (the Department has the responsibility and exclusive authority for collection of property taxes which are on the delinquent property tax list).

Thus, Sections 7–38–61 and 7–38–62 shift the responsibility for the collection of delinquent property taxes from county treasurers to the Taxation and Revenue Department. Moreover, Section 7–38–62 explicitly provides that the Taxation and Revenue Department's authority to collect delinquent taxes "includes bringing collection actions in the district courts based upon the personal liability of the property owner for taxes as well as the actions authorized in the Property Tax Code ... for proceeding against the property subject to the tax for collection of delinquent taxes."

We think it of great importance that the statutory provisions which authorize the collection of delinquent taxes on real property, by the selling of the real property, identify the Taxation and Revenue Department as the only governmental body expressly granted that authority. *See* § 7–38–65 (the Taxation and Revenue Department may collect delinquent taxes on real property by selling the real property on which the taxes have become delinquent). As further evidence, we note that Sections 7–38–66 and 7–38–67, which set forth the statutory notice and public sale requirements for the sale of real property, inform us that the Taxation and Revenue Department, and not county treasurers, is charged with the responsibility of notifying the owners of real property subject to the sale, and with the responsibility of publishing notice of the public sale in a newspaper. *See Patrick v. Rice,* 112 N.M. 285, 814 P.2d 463 (Ct.App.1991) (Section 7–38–66(A) requires the Taxation and Revenue Department to send notice to delinquent taxpayers via certified mail, return receipt requested;

this requirement implicitly requires the Taxation and Revenue Department to send the notice to the correct address; the Taxation and Revenue Department has the affirmative duty to seek out, by "diligent search and inquiry," the correct address of each property owner, and failure to do so may violate due process). We find it curious that, if the legislature intended for both the Taxation and Revenue Department and county treasurers to enforce this provision, the legislature would only list the Taxation and Revenue Department as the governmental body entrusted with these important notice and sale responsibilities.

Moreover, our final rationale for affirming the district court involves combining these two collection statutes as proposed by Appellants in the present action. Appellants want this Court to approve of county treasurers obtaining personal judgments against owners of real property for payment of delinquent property taxes. Next, Appellants want this Court to condone county treasurers executing these personal obligation judgments by causing the sale of the property upon which the taxes are delinquent.

If we interpreted these statutes in this manner, then such a ruling would enable real property to be sold after the taxes became delinquent and as soon as the county treasurers were able to obtain personal judgments and initiate judicial proceedings against the property. *See* § 7–38–46 (property taxes that are not paid within thirty days after the date on which they are due are delinquent). Such an interpretation would effectively defeat the explicit statutory Property Tax Code requirement that real property may not be sold for delinquent taxes until after the expiration of three years from the first date upon which the taxes became delinquent. *See* §§ 7–38–65(A) and 7–38–76(A).

Of critical import in this regard, we note that the current Property Tax Code does not contain a right of redemption, or a right of repurchase for owners of real property sold at a tax sale. *See Chavez v. Derek J. Sharvell, M.D., P.A.,* 106 N.M.

793, 750 P.2d 1119 (Ct.App.1988) (quoting *Cano v. Lovato*, 105 N.M. 522, 734 P.2d 762 (Ct.App.1986)) (the new Property Tax Code eliminated the right of redemption and the right of repurchase). Accordingly, we do not believe it the intent of the legislature to allow county treasurers to initiate proceedings against property owners within as little as thirty days after the date which the taxes are due and thereby risk losing their property before the three-year waiting period has lapsed. *See Miller v. New Mexico Dep't of Transp.*, 106 N.M. 253, 255, 741 P.2d 1374, 1376 (1987) (statutes should be construed so as to facilitate their operation and achievement of the goals as specified by the legislature); *see also City of Las Cruces v. Garcia*, 102 N.M. 25, 690 P.2d 1019 (1984) (the interpretation of a statute must be consistent with the legislature's intent and must be accompanied by adopting construction which will not render a statute's application absurd, unreasonable, or unjust).

CONCLUSION

The cardinal rule of statutory construction informs us that our primary focus is to ascertain and give effect to the intent of the legislature. *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). As manifested by the express statutory provisions noted above, we believe the intent of the legislature is to place the authority to enforce the personal obligation provision and the authority to proceed against property subject to a statutorily created tax lien in the Taxation and Revenue Department only. We therefore affirm the judgment of the district court.

IT IS SO ORDERED.

CHAVEZ and PICKARD, JJ., concur.