[No. 1605, December 11, 1913.]

HAROLD L. CRANE, Trustee, Appellee, v. WILLIAM
    W. COX, Treasurer and Ex-officio Collector of Dona
    Ana County, Appellant.

### SYLLABUS (BY THE COURT)

1. Section 34, chapter 84, Laws 1913, directs the collector
to offer for sale "each parcel of property upon which any
taxes are delinquent as shown by the tax rolls." Held to
authorize the sale of property for taxes which had become
delinquent prior to the year 1913.

P. 381

2. Chapter 84, Laws of 1913, as construed to authorize the
sale of property for taxes delinquent previous to the time the
act became effective. Held not to operate retrospectively in
respect to such taxes.

P. 386

3. A preliminary injunction will not be granted to re-
strain the sale of property for taxes, unless the tax payer
first pays so much of the tax as he admits is just.

P. 386.

Appeal from the District Court of Dona Ana County;
Edward L. Medler, District Judge; reversed and re-
manded.

FRANK W. CLANCY, Attorney General, Santa Fe, N. M.,
for appellant.

Defendant was proceeding in exact conformity with the
act of 1913. Laws 1913, ch. 84, sec. 34-40.

Laws of 1913 is a valid exercise of legislative power.
Sec. 1, ch. 84, laws 1913, repeled ch. 22, laws of 1899.

Judgment of the lower Court could not have been
founded on sec. 34, ch. 84, laws 1913.

HOLT & SUTHERLAOD, Las Cruces, N. M., for appellee.

No formal assignment of errors appears to have been
filed or set forth in appellant's brief. Laws 1907, ch. 57,
sec. 21.

Is the language of sec. 34, ch. 84, laws 1913, retroactive?
Laws 1912, ch. 84, sec. 34; Id. sec. 22, 23.

Authority to sell real estate for delinquent taxes must
be expressly conferred by statute, and this authority will
not apply to taxes already delinquent unless it is expressly
made retroactive. 36 Cyc. 1206; 37 Cyc. 1280; Hall v.
Perry, 72 Mich. 202, 40 N. W. 325; McNaughton v. Mar-
tin, 72 Mich. —, 40 N. W. 327; Nowlen v. Hall, 128
Mich. 274; Norris v. Hall, 124 Mich. 170, 82 N. W. 832.

The general rule of law requires courts to always con-
strue statutes as prospective, and not retroactive, unless
constrained to the contrary course by the rigor of the
phraseology. Cooley on Taxation, p. 292; 36 Cyc. 1206;
Price v. Law, 52 Penn. St. 315-16; Leete v. St. L. State
Bank, 21 S. W. 788; 36 Cyc. 1208, note; Williamson v.

N. J. S. R. R. Co., 29 N. J. Eq. 334; U. S. v. Hteh, 3 Cranch. 399; Citizens Gas Light Co. v. Alden, 44 N. J. Law 654.

It is not enough that words used in an act *may* be given a retrospective, without doing violence to their meaning, or that such course may coincide with their common understanding. Garrett v. Doe, 30 Am. Dec. 643; Halpin v. Prosperity Loan, etc., Association, 102 Ill. App. 316; Aultman, etc., Mfg. Co. v. Fish, 120 Ill. App. 314; Baltimore City App. Tax Court v. Western Md. R. R. Co., 50 Md. 274; Gaston v. Miriam, 33 Minn. 271, 22 N. W. 614; Reynolds v. McArthur, 7 L. Ed. 470; 36 Cyc. 1206, note; Ukiah Bank v. Gibson, 39 Pac. 1069; Sohn v. Waterson, 17 Wall. 596; 21 L. Ed. 738; Harvey v. Tyler, 2 Wall. 347, 17 L. Ed. 875.

In every case of doubt, the doubt must be resolved against the retrospective effect. 37 Cyc. 1208.

The statute must be strictly construed. 36 Cyc. 1173, 1189; Maysville v. Maysville Str., etc., Co., 126 Ky. 673, 108 S. W. 960; McNally v. Field, 119 Fed. 445; U. S. v. Wigglesworth, 28 Fed. Cas. 16,699.

The title of the act should be considered in order to arrive at the legislative intent. Thomas v. Collins, 24 N. W. 553.

### *Reply Brief for Appellant.*

IRA L. GRIMSHAW, Assistant Attorney General, Santa Fe, N. M.

Laws 1913, ch. 84, sec. 34; 37 Cyc. 1257; City of Oakland v. Whipple, 44 Cal. 304; Treece v. American Association, 122 Fed. 598, 55 Tenn. (8 Heith) 440; In re George R. Powell, 55 Tenn. (8 Heith) 444; Holthaus v. Adams County, 74 Neb. 862; Hosmer v. Peojle, 96 Ill. 61.

### STATEMENT OF FACTS.

The complaint contains substantially the following allegations: That the plaintiff is the holder of the legal title to certain mining claims in Dona Ana County, upon which there are due delinquent taxes for the years of 1904 to

1912, inclusive; that the defendant, the Treasurer and ex-officio Collector of Dona Ana County, had on the 14th day of June, 1913, and for four consecutive weeks thereafter, published a notice that he would, on August 4, 11913, sell all property upon which any taxes were delinquent in said county, as shown by the tax rolls, to satisfy the taxes, penalties and costs due thereon and that unless restrained, plaintiff is informed and believes said officer will make such sale; and plaintiff further alleged that the valuation of his property for purposes of taxation for the several years mentioned, was erroneous and grossly in excess of the real taxable value thereof; that the attention of the District Attorney and defendant had been called to said erroneous and excessive assessments and a request made upon them for a correction and change of the same, to avoid injustice to the plaintiff; a letter from plaintiff's counsel to the officers was attached to the complaint as showing such deman;d that unless defendant be restrained, as aforesaid, plaintiff will suffer great and irreparable injury and that he is without adequate remedy at law; plaintiff prayed the issuance of a temporary writ of injunction restraining the defendant from selling or attempting to sell any of the plaintiff's property for delinquent taxes, penalties or costs; that defendant be required to show cause why such injunction should not be made perpetual and further in the event the Court should hold the defendant authorized by law to make the threatened sale, that a hearing be had upon the validity of the various assessments, whether or not the valuations upon which said assessments were based were not grossly in excess of the real taxable value of said property and whether or not defendant is entitled to charge against the said property the several items of interest, costs and penalties and that the levies and assessments be adjusted and changed so as to avoid injustice to plaintiff. The defendant demurred on the ground that the complaint on its face failed to state a cause of action, because it showed that defendant was proceeding to sell the plaintiff's property in accordance with section 34, chapter 84, laws of 1913. The demurrer was overruled and the de-

fendant electing to stand on his demurrer and refusing to
further plead, final judgment was entered granting the
permanent injunction as prayed for in the complaint.

### OPINION OF THE COURT.

MECHEM, D. J.—Chapter 84, laws of 1913, went into
effect immediately upon its approval, March 18, 1913,
and as it expressly repealed chapter 22, laws of 1899,
it provides the only procedure for the sale of property
for delinquent taxes.

Section 34 of the act reads as follows:

"Within forty-five days after the first day of June in
each year the collector shall prepare, and cause to be pub-
lished for not less than once in each week, for four con-
secutive weeks, in some newspaper published in his County,
or if there be no newspaper published in the County, then
in some newspaper published in the State and of general
circulation in the County, notice that he will, on the day
specified in said notice, at the hour of 10 o'clock in the
forenoon, at the court house of the County, offer for sale,
separately and in consecutive order, each parcel of prop-
erty upon which any taxes are delinquent, as shown by the
tax rolls, or so much thereof as may be necessary to realize
the respective amounts due, which sale shall continue un-
til not later than four o'clock in the afternoon, and from
day to day at the same hours, until all of said property
shall be sold, or until the amounts due shall be paid or
realized; but such sales shall not continue for more than
thirty days, and the collector shall make record of his acts
and doings as hereinafter provided."

It is admitted that the words "each parcel of property
upon which any taxes are delinquent, as shown by the tax
rolls" is broad enough to include taxes delinquent both
before and after the time the law becomes effective. But
it is said, first, that to hold that the act does apply to
taxes delinquent before it became effective is to give it a
retrospective operation; and second, in view of the well
known rule of statutory construction that "Words in a
statute ought not to have a retrospective operation, unless

they are so clear, strong, and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied," (U. S. v. Heth, 3 Cranch. 399-413; Sohn v. Patterson, 17 Wall. 598), this act should be limited to a prospective operation that is applicable to taxes becoming delinquent subsequent to the passage of the act only.

In the first position assumed, viz: that if the act applies to taxes delinquent before its passage it is retrospective law, correct? If it is not, then no opinion need be given on the second.

"A retrospective or retroactive law, in the legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past." 36 Cyc. 1201; Society for Propagating the Gospel v. Wheeler, 2 Gall. 139; Sturges v. Carter, 114 U. S. 511; Gladney v. Snyder, 172 Mo. 318, 72 S. W. 554, 60 L. R. A. 880, 95 Am. St. Rep. 517; Gage v. Steward, 127 Ill. 207, 19 N. E. 702, 11 Am. St. 116; Rich v. Flanders, 39 N. H. 304; Chicago, etc., R. R. Co. v. State, 47 Neb. 549, 66 N. W. 624, 41 L. R. A. 481, 53 Am. St. Rep. 557; Black on Interpretation of Laws, sec. 114.

A law is not retrospective or a law does not operate retrospectively simply because it applies to transactions which originated before the law took effect, but it is the nature of the application that is determinative. This view was well put by the Supreme Court of Nebraska in Chicago, etc., R. R. Co. v. State, supra, in the following words:

"A statute does not operate retroactively from the mere fact that it relates to antecedent events. A retrospective law has been defined as one intended to affect transactions which occurred or rights which accrued, before it became operative as such, and which ascribes to them affects not inherent in their nature in view of the law in force at the time of their occurrence. Bishop on Written Laws, sec. 83; Black on Interpretation of Laws, sec. 114."

In Smith v. Auditor General, 20 Mich., 398, the Court, speaking through Justice Cooley, said:

"We do not understand it to be questioned that it was competent for the legislature to make the general provisions of the act of 1869 apply to the taxes previously assessed and returned, so far as subsequent proceedings to be taken by the State were concerned, if they had seen fit to do so. The question is whether they have expressed an intention to that effect. Unless that intention distinctly appears, the familiar rule of construction which presumes that legislation is designed to have prospective operation only will require the Court to hold that the legislative purpose was that this act should apply only to the taxes subsequently assessed. For although to apply it to taxes previously levied would not, so far as the course of official proceeding for the enforcement thereof is concerned, be strictly retrospective, in the proper sense of the term, yet so far as it increased penalties, or in any manner affected the tax payer's rights or interest as they depended upon previous acts of delinquencies, it would be plainly so, and the purpose of the legislation to give it that operation is not to be presumed where the words are ambiguous, or reasonably susceptible of a different construction."

In the case of In re Taxes in Hennepin County v. Baldwin, 62 Minn. 518, 65 N. W. 80, where a statute provided that "if any tax is prevented from being collected, the auditor should add the amount to the tax for the current year," the Court said, construing the act with respect to its operations:

"The argument of counsel for the landowner upon the fourth question is wholly based on the proposition that laws 1885, c. 2, sec. 23, Gen. St. 1894, sec. 1631) is prospective in the sense that it only authorizes the auditor to add to the tax for the current year taxes for other years, which shall, after the passage of the act, be prevented from being collected.

"In support of this contention he relies on the phrase 'if any tax is prevented from being collected.'

"The statute in question does not impair any vested

right, or create any new right, or impose any new obliga-
tion. It is purely remedial and merely gives a remedy for
enforcing existing rights and obligations. Such statutes
are to be liberally construed in order to accomplish the
beneficent purpose for which they were enacted; and, un-
less a different legislative intent is expressed or clearly im-
plied, they will generally be construed to apply to rights
and obligations that accrued before enactment as well as
to those to accrue after. Such, we think is the construc-
tion which should be given to the statute under consider-
ation."

In Gage v. Stewart, 127 Ill. 207, 11 Am. St. 116, a
statute declaring that hereafter no purchaser at a tax sale
shall be entitled a deed unless he has complied with certain
conditions designated in said statute, was held to apply to
sales previously made for which no deed had issued and
for which the landowner yet retained the rights of redemp-
tion. In answer to the argument that so applied, the stat-
ute was retrospective, the Court said:—

"It is insisted that the sale occurring October 21, 1878,
the law then in force will control in the subsequent pro-
ceedings necessary to maturing the tax title, and therefore
no notice to the owner was required to be shown as a pre-
requisite to the making of the deed. We are of the opinion
that the section of the act of 1879 was intended to take ef-
fect *in praesenti* as to all notices served thereafter, and to
apply to all purchasers at tax sales and their assignees, irr-
spective of when the sale for taxes was made. This, we think,
the clear import of the language employed. The provision is
not in respect of sales hereafter to be made, but is that 'here-
after no purchaser or assignee of any such purchaser, of
any land or lot, for taxes, etc., at any sale, etc., shall be enti-
tled to a deed until he shall have complied with the condi-
tions prescribed in that section of the statute.' The amend-
ed act applied to all steps to be taken after it went into ef-
fect and which could be performed according to its re-
quirements. Nor does this construction give the act a
retrospective operation, as seems to be supposed. The

rule undoubtedly is, that a retrospective effect will not be given to a statute unless the legislative intent that it shall so operate is clearly manifested. But no such effect is sought to be given this statute. The legislature, for the better protection of those having the right of redemption, required that notice be served upon the owner, if found to be in the county, at least three months before the expiration of redemption. No other change affecting the right of the purchaser or holder of the certificate of purchase is wrought by this amendment. It in no way affects or applies to the sales, or any of the precedent steps in the proceeding, lawful under the former statute, but relates exclusively to acts to be performed by the purchaser, or his assigns, subsequent to its taking effect and by the performance of which, his inchoate right to the land under his certificate, might ripen into a title. These requirements—of giving notice of the sale, when redemption will expire, and making proof thereof to the clerk—are in the nature of remedies to be pursued by the purchaser or holder of the certificates of purchase to mature and perfect the title of his land under the sale. As to all these acts which could be performed by the purchaser or his assignee after the statute became in force, it would necessarily operate prospectively. Bac. Abr. Statute 9."

In Sturges v. Carter, 114 U. S. 511, a statute of Ohio which authorized an auditor to go back four years to correct false returns where formerly by statute he could not for that purpose go behind his annual settlements with the treasurer, was attacked as being a retroactive law and as such in conflict with the Constitution of Ohio. The Court said:

"In our opinion, no right of the taxpayer has been invaded by the act of 1878. His investments in stocks and bonds were subject to taxation; the taxes upon such investments were due to the State and the act of 1878 merely provided a method by which the taxes might be assessed and collected in spite of the annual settlements made by the auditor. It gave a new remedy to the State for enforcing a right which it had all the time possessed.

namely, the right to the taxes upon property liable to taxation. Such an act is not a retroactive law within the meaning of the Constiution of Ohio.

"In the case of Society for Propagating the Gospel v. Wheeler, 2 Gall. 139, Mr. Justice Story thus defines a retroactive, or, as he calls it, a retrospective law: 'Upon principle, every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective.' The act of 1878 took away no vested right of the taxpayer, it imposed upon him no duty or obligation, and subjected him to no disability in reference to past transactions."

The point is not made, that the operation of the statute of 1913, complained of by the appellant, would, in any manner, affect any right he possessed under the previous law or in any wise change his status; nor, do we, from a careful reading of the statute, see that such a consequence is to be reasonably anticipated. The statute does not interfere with any act done under—or any condition that exists by reason of—the former law. It merely provides for the sale of property upon which a lien for taxes has been ascertained, fixed, and declared, giving to the lien no force or effect which it did not possess under the law by which it was created. It is, therefore, held that, upon the question as here presented, the act of 1913, in providing for the sale of property for taxes delinquent for years previous to 1913, does not operate retrospectively.

Counsel for appellee contend that the complaint states a cause of action by the allegation of excessive assessments, which they say entitles the appellee to relief under the provisions of section 23 of the act. This phase of the case was not passed upon by the lower Court. We do not express any opinion on the question. However, it is very clear that appellee is not entitled to an injunction preliminary to a hearing upon the alleged excessive assessments. By a letter attached to the complaint

Crane v. Cox, 18 N. M. 377.

written by appellee's attorneys to the District Attorney, it is said that the valuations, if reduced 50%, would represent the reasonable value of the properties. He must pay on that basis before he is entitled to a preliminary injunction in any event. Albuquerque Bank v. Perea, 147 U. S. 87; Cooley on Taxation, vol. 11, page 142.

The proper procedure in such case is announced in Albuquerque Bank v. Perea, supra, as follows:—

"It is a profitable thing for corporations or individuals whose taxes are very large to obtain a preliminary injunction as to all their taxes, contest the case through several years' litigation, and when, in the end, it is found that but a small part of the tax should be permanently enjoined, submit to pay the balance. This is not equity. It is in direct violation of the first principles of equity jurisdiction. It is not sufficient to say in the bill that they are ready and willing to pay whatever may be found to be due. They must first pay what is conceded to be due, or what can be seen to be due on the face of the bill, or be shown by affidavits, whether conceded or not, before the preliminary injunction hsould be granted. The State is not to be thus tied up as to that of which there is no contest, by lumping it with that which is really contested. If the proper officer refuses to receive a part of the tax, it must be tendered, and tendered without the condition annexed of a receipt in full for all taxes assessed."

The judgment of the lower Court is reversed and remanded for further proceedings not inconsistent with this opinion.