## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-010

Filing Date:  December 8, 2011

Docket No. 30,790

GEA INTEGRATED COOLING
TECHNOLOGY,

      Plaintiff-Appellant,

v.

STATE OF NEW MEXICO TAXATION
AND REVENUE DEPARTMENT,

      Defendant-Appellee.

IN THE MATTER OF THE PROTEST OF
GEA INTEGRATED COOLING TECHNOLOGY.

APPEAL FROM THE TAXATION AND REVENUE DEPARTMENT
Gerald B. Richardson, Hearing Officer

Rodey, Dickason, Sloan, Akin & Robb, P.A.
R. Tracy Sprouls
Albuquerque, NM

Hutchinson Black & Cook, LLC
Adam W. Chase
Boulder, CO

for Appellant

Gary K. King, Attorney General
Amy Chavez-Romero, Special Assistant Attorney General
Santa Fe, NM

for Appellee

## OPINION

1

**VANZI, Judge.**

**{1}**    This case requires us to decide whether a statutory increase in the civil penalty for failure to pay a tax should be imposed on a taxpayer whose tax liability arose  prior to the effective date of the amendment that increased the cap on the penalty amount.  GEA Integrated Cooling Technology (Taxpayer) failed to pay gross receipts taxes for tax periods between June 1, 2006, and July 1, 2007.  At that time, the maximum statutory penalty for failure to pay was ten percent of the amount of the unpaid tax.  On January 1, 2008, the Legislature increased the maximum statutory penalty to twenty percent of the amount of the unpaid tax.  The New Mexico Taxation and Revenue Department (the Department) assessed Taxpayer in 2009 and imposed the twenty percent penalty.  Taxpayer protested the imposition of the new statutory penalty on the tax liability that arose for tax periods occurring prior to 2008.  The hearing officer denied Taxpayer's protest, ruling that the new statutory penalty in effect at the time the penalty was assessed was the applicable maximum penalty.  We affirm.

**BACKGROUND**

**{2}**    Taxpayer is a Colorado-based company that was engaged in work projects in New Mexico.  Taxpayer was required to pay gross receipts pursuant to the Gross Receipts and Compensating Tax Act.  NMSA 1978, § 7-9-4 (1990) (amended 2010).  In July 2008, the Department began an audit of Taxpayer.  The Department determined that Taxpayer owed $490,802.60 in tax liability that arose between June 1, 2006, and July 1, 2007.  The liability reflected the gross receipts taxes that Taxpayer failed to pay.  On September 21, 2009, the Department issued Taxpayer a notice of assessment for taxes, penalty, and interest, demanding payment pursuant to NMSA 1978, Section 7-1-17 (2007).  The notice of assessment informed Taxpayer that the penalty for failure to pay was calculated at a rate of two percent per month or partial month to a maximum of twenty percent of the amount of tax due.  Taxpayer timely filed a written protest of the assessment.

**{3}**    The penalty assessed by the Department was based on NMSA 1978, Section 7-1-69 (2007), the civil penalty for failure to pay a tax or file a return.  Section 7-1-69 provides in pertinent part,

> [I]n the case of failure due to negligence or disregard of [D]epartment rules and regulations, but without intent to evade or defeat a tax, to pay when due the amount of tax required to be paid, to pay in accordance with the provisions of Section 7-1-13.1 NMSA 1978 when required to do so or to file by the date required a return regardless of whether a tax is due, there shall be added to the amount assessed a penalty in an amount equal to the greater of:
> > (1)    two percent per month or any fraction of a month from the date the tax was due multiplied by the amount of tax due but not paid, not to exceed twenty percent of the tax due but not paid;
> > (2)    two percent per month or any fraction of a month from the

2

date the return was required to be filed multiplied by the tax liability established in the late return[.]

A prior version of the statute set the maximum statutory penalty at ten percent of the unpaid tax. NMSA 1978, § 7-1-69 (2003) (amended 2007). The Legislature amended Section 7-1-69 to increase the maximum statutory penalty, effective January 1, 2008. 2007 N.M. Laws, ch. 45, §§ 4, 16. Taxpayer argued that ten percent was the maximum penalty the Department could assess because it was the law in effect when Taxpayer first failed to pay the taxes it owed. Taxpayer further asserted that applying the new statutory penalty to its tax liability gave the legislative amendment improper retroactive effect.

**{4}** The Department requested a hearing to determine whether the new statutory penalty was properly applied to Taxpayer's tax liability that arose for tax periods occurring prior to January 1, 2008, but assessed after the legislative amendment took effect. The parties entered a joint stipulation of facts, filed briefs, and submitted the matter for determination by the hearing officer. The hearing officer determined that Section 7-1-69, as amended, applied to the calculation of Taxpayer's penalty because the penalty was assessed after the effective date of the amendment. The hearing officer also concluded the application of the new statutory penalty was not retroactive under the circumstances of Taxpayer's case. This appeal timely followed.

**DISCUSSION**

**Standard of Review**

**{5}** The questions presented in this appeal are (1) whether the 2007 amendment to Section 7-1-69 applies to tax liabilities that arose for tax periods occurring prior to January 1, 2008, but were assessed after the effective date of the amendment; and (2) whether the application of the new statutory penalty to these earlier tax periods gives Section 7-1-69 improper retroactive effect. These questions present us with issues of statutory interpretation and the application of the law, thus, our review is de novo. *Hess Corp. v. N.M. Taxation & Revenue Dep't*, 2011-NMCA-043, ¶ 11, 149 N.M. 527, 252 P.3d 751, *cert. denied*, 2011-NMCERT-003, 150 N.M. 619, 264 P.3d 520; *N.M. Taxation & Revenue Dep't v. Dean Baldwin Painting, Inc.*, 2007-NMCA-153, ¶ 7, 143 N.M. 189, 174 P.3d 525. This Court can only set aside the hearing officer's decision if it was arbitrary and capricious, not supported by substantial evidence, or not in accordance with the law. NMSA 1978, § 7-1-25(C)(1)-(3) (1989); *Kewanee Indus., Inc. v. Reese*, 114 N.M. 784, 786, 845 P.2d 1238, 1240 (1993). Though our review is de novo, we give some deference to the hearing officer's reasonable interpretation and application of the statute. *Jicarilla Apache Nation v. Rodarte*, 2004-NMSC-035, ¶ 25, 136 N.M. 630, 103 P.3d 554 ("[W]e are not bound by an agency's interpretation of the law, but we do give deference to an agency's reasonable interpretation or application of law.").

**{6}** When construing a statute, our task is to determine and give effect to the

3

Legislature's intent and to interpret the statute in a way that will not render its application absurd, unreasonable, or unjust. *Hess Corp.*, 2011-NMCA-043, ¶ 12. In discerning legislative intent, New Mexico courts adhere to a classic rule of statutory construction: We are required to look at the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicated that a different meaning is intended. *Delfino v. Griffo*, 2011-NMSC-015, ¶ 12, 150 N.M. 97, 257 P.3d 917; *see also* NMSA 1978, § 12-2A-19 (1997) ("The text of a statute . . . is the primary, essential source of its meaning."). "When statutory language is clear and unambiguous, this Court must give effect to that language and refrain from further statutory interpretation." *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 9, 146 N.M. 24, 206 P.3d 135 (alteration, internal quotation marks, and citation omitted).

**{7}** We follow the plain language rule closely here, particularly in light of the fact that "[s]tatutes imposing taxes and providing means for the collection of the same should be construed strictly in so far as they may operate . . . to impose penalties . . . upon [the taxpayer.]" *N B S Corp. v. Valdez*, 75 N.M. 379, 383, 405 P.2d 224, 226-27 (1965) (internal quotation marks and citation omitted); *Colfax Cnty. v. Angel Fire Corp.*, 115 N.M. 146, 148, 848 P.2d 532, 534 (Ct. App. 1993) (internal quotation marks and citation omitted). Consequently, because Section 7-1-69 imposes a penalty on the taxpayer, we strictly construe the statute.

**Section 7-1-69 Applies to Taxes Assessed After January 1, 2008**

**{8}** Taxpayer argues that it is subject to the ten percent statutory penalty that was in effect when it first failed to pay its taxes, as opposed to the twenty percent penalty imposed by the Department under the 2007 amendment. Taxpayer asserts that the plain language of Section 7-1-69 requires this Court to reverse the hearing officer's decision. Specifically, it is Taxpayer's position that the State's right to a penalty from a delinquent taxpayer comes into existence when the due date for filing the return occurred and the tax liability remained unpaid. We disagree.

**{9}** Under an ordinary reading of the plain language of the statute, we find the meaning of the words clear and unambiguous. The statute states that a penalty "shall be added to the amount assessed." Section 7-1-69(A). Accordingly, assessment is the specific point in time that the statutory penalty is triggered and thereby applied. Our reading is in accordance with the general principle that "[t]he amendment of a taxing statute by the addition or change of penalty . . . is commonly regarded as prescribing the amount to be paid in respect of all taxes, whether levied before or after the date of the [amendment]." *Retroactive Effect of Statutes Relating to Interest on or Penalties in Respect of Delinquent Taxes*, 77 A.L.R. 1034 (2011). Absent language to the contrary, we presume the Legislature so intended the new statutory penalty to apply here. In this case, because Taxpayer's outstanding taxes were assessed on September 21, 2009, and the new statutory amendment was the law in effect at that time, the Department applied the correct maximum penalty to this tax liability.

**{10}**     Section 7-1-69(A) directs the Department to look at the date of assessment to calculate the penalty to be applied. Section 7-1-69(A)(1), (2) contains the formula that the Department must use to calculate the penalty. The statute directs the Department to calculate the penalty at "two percent per month . . . from the date the tax was due multiplied by the amount of tax due but not paid, not to exceed twenty percent of the tax due but not paid[.]" Section 7-1-69(A)(1). We read the phrase "from the date the tax was due" to indicate that when assessing the tax penalty, the Department must start calculating the two percent per month penalty rate from that tax due date, counting forward continuously until the maximum penalty percentage is reached. Section 7-1-69(A)(1), (2). The "date the tax was due" provision is a necessity for mathematical purposes and provides the Department with a fixed date to calculate the amount of the actual penalty assessed upon a taxpayer. There is no language in the statute allowing for a different method of calculating the actual amount of the penalty. Accordingly, we conclude that the maximum statutory penalty is determined at the time of assessment, and the penalty is calculated beginning on the "date the tax was due."

**{11}**     We emphasize the fact that the Legislature did not include any statutory provisions directing that the pre-amendment version of Section 7-1-69 be applied to tax liabilities arising prior to January 1, 2008. We also recognize that the Legislature has previously changed statutory tax penalties but has also simultaneously enacted legislation explicitly excepting tax liabilities arising before the change from the imposition of the amended penalty. In *Tomson v. County of Dona Ana*, 93 N.M. 173, 174, 598 P.2d 216, 217 (Ct. App. 1979), we considered the Legislature's 1974 repeal of a portion of the tax code, including a section imposing a five-percent penalty on taxpayers who failed to disclose their properties to be taxed. The effective date of the repeal was January 1, 1975. *Id.* at 173, 598 P.2d at 216. Importantly, the new tax code did not provide for the same penalty. *Id.* In the same legislative session as the repeal, the Legislature enacted a proviso excepting from the repeal taxes imposed in years prior to the 1975 tax year. *Id.* We held that this proviso required prior tax law to govern whether or not a taxpayer was subject to the imposition of the pre-repeal penalty when taxpayer's tax delinquencies occurred prior to the 1975 tax year. *Id.* at 174, 598 P.2d at 217. In contrast, the Legislature has included no such proviso or special language in the statutory amendment in this case. Presuming the Legislature is aware of our case law, prior statutes, and canons of construction, we conclude that in the absence of such a provision, the Legislature understood and intended that the law in place at the time of assessment would govern the penalty to be imposed. *See Albuquerque Commons P'ship v. City Council of City of Albuquerque*, 2011-NMSC-002, ¶ 15, 149 N.M. 308, 248 P.3d 856 ("When the Legislature enacts a statute we presume that it is aware of existing statutes." (internal quotation marks and citation omitted)); *V.P. Clarence Co. v. Colgate*, 115 N.M. 471, 474, 853 P.2d 722, 725 ("[T]he [L]egislature is presumed to act with knowledge of relevant case law[.]").

**Applying the Penalty Cap in Place at the Time of Assessment Is Consistent With the Purpose of the Penalty**

**{12}** Section 7-1-69 penalizes a taxpayer's failure to file taxes when due and failure to pay in full amount of the tax due. Taxpayer contends that the hearing officer's interpretation of Section 7-1-69 conflicts with the purposes of imposing the penalty and argues that this application unequally penalizes a taxpayer's failure to file and failure to pay. To address Taxpayer's concerns, we discuss the purpose of the penalty imposed by Section 7-1-69.

**{13}** As Taxpayer acknowledges, the purpose of any penalty is both to punish and deter. *In re Consol. Vista Hills Retaining Wall Litig.*, 119 N.M. 542, 553, 893 P.2d 438, 449 (1995). The purpose of Section 7-1-69 is specifically to penalize a taxpayer's unintentional failure to pay or report taxes. *El Centro Villa Nursing Ctr. v. Taxation & Revenue Dep't*, 108 N.M. 795, 797, 779 P.2d 982, 984 (Ct. App. 1989). The Legislature directs that the penalty to be added to the amount assessed should be in the "amount equal to the greater of" the total resulting from two possible calculations. Section 7-1-69(A). This language makes plain the Legislature's goal of imposing the greatest monetary penalty allowable under law at the time of assessment. Additionally, the goal of penalizing at the highest amount is reinforced by the amendment to Section 7-1-69, the purpose of which is to penalize a taxpayer's unintentional failure to pay or report taxes at a higher percentage than previously imposed. Here, we conclude that the Legislature provided clear and unambiguous language concerning the purpose of Section 7-1-69. Our application of the new statutory penalty to a tax liability assessed on or after January 1, 2008, is consistent with the purpose of punishing at the highest monetary amount allowable under law.

**{14}** As to the deterrent effect, Section 7-1-69 also serves the legislative purpose of encouraging taxpayers to file and pay taxes on time. *See N. Slope Borough v. Sohio Petroleum Corp.*, 585 P.2d 534, 546 (Alaska 1978). Section 7-1-69 imposes a graduated penalty on taxpayers' unpaid taxes. And Section 7-1-69, like other statutes establishing a penalty, does not create a right or obligation in the taxpayer or the state, it is merely a statutory provision that is always subject to change. *Bradbury & Stamm Constr. Co. v. Bureau of Revenue*, 70 N.M 226, 239, 372 P.2d 808, 817-18 (1962); *Pierce v. State*, 1996-NMSC-001, ¶ 47, 121 N.M. 212, 910 P.2d 288 ("The law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the [L]egislature shall ordain otherwise." (internal quotation marks and citation omitted)). The fact that the Legislature may change the maximum penalty while a taxpayer's liability remains outstanding is congruent with the Legislature's purpose of requiring the taxpayer to pay a higher penalty the longer it fails to pay its outstanding tax liability. The possibility that the Legislature may increase the maximum penalty to which a taxpayer is subject simply encourages timely payment. Therefore, penalizing the taxpayer under the statutory penalty in effect at the time the Department assesses a tax liability may be utilized to further both legislative purposes. It would deter taxpayers from failing to pay or file on time, and it would also punish these failures at a rate that the Legislature can increase up until the time of assessment. *Rutherford v. Chaves Cnty.*, 2003-NMSC-010, ¶ 24, 133 N.M. 756, 69 P.3d 1199 ("Statutes are to be read in a way that facilitates their operation and the achievement of their goals.").

**{15}** Here, the Legislature amended Section 7-1-69 with the purpose of encouraging taxpayers to file and pay their outstanding taxes, not just by increasing the maximum statutory penalty, but by providing ample time for the taxpayers to come into compliance prior to the effective date of the amendment. The amendment to Section 7-1-69 was approved by the Legislature in March 2007, but the effective date was delayed until January 1, 2008, more than nine months after its passage. 2007 N.M. Laws, ch. 45, § 16(A). Much of the rest of the statute relating to taxation, of which the amendment was a part, was effective July 1, 2007, and applied to taxable years beginning on or after January 1, 2007. 2007 N.M. Laws, ch. 45, §§ 15-16. By giving this extended period for compliance, we recognize that the Legislature's intent was to encourage taxpayers to file and pay their outstanding taxes prior to January 1, 2008, in order to avoid the imposition of the newly increased statutory penalty. We hold that the hearing officer's decision to impose the new maximum statutory penalty of twenty percent on any tax liability assessed on or after January 1, 2008, was proper and in accordance with the law.

**The Application of the New Twenty Percent Statutory Penalty at the Time of Assessment Does Not Give Section 7-1-69 Improper Retroactive Effect**

**{16}** Taxpayer also argues that the application of the new statutory penalty in place at the time of assessment to tax liabilities that arose for tax periods occurring prior to the effective date of the amendment gives Section 7-1-69 impermissible retroactive effect.

**{17}** Our courts follow the general rule that a statutory amendment applies prospectively unless the Legislature clearly intends to give the amendment retroactive effect. *State v. Morales*, 2010-NMSC-026, ¶ 8, 148 N.M. 305, 236 P.3d 24; *Swink v. Fingado*, 115 N.M. 275, 278-79, 850 P.2d 978, 981-82 (1993); *Bradbury & Stamm*, 70 N.M. at 240, 372 P.2d at 818; *Crane v. Cox*, 18 N.M. 377, 381-82, 137 P. 589, 590 (1913). We apply this rule of construction here as well. Because Section 7-1-69 does not contain an express statement declaring the Legislature's intent for it to apply retroactively, we must interpret the statute to apply prospectively and ensure that there is no retroactive effect. NMSA 1978, § 12-2A-8 (1997) ("A statute . . . operates prospectively only unless the statute . . . expressly provides otherwise or its context requires that it operate retrospectively."). For the reasons that follow, however, we hold that the application of the new statutory penalty in place at the time of the assessment to tax liabilities that arose for tax periods occurring prior to the effective date of the amendment gives the amendment proper prospective effect.

**{18}** Though the presumption against the retrospective application of a statute may seem straightforward, "confusion often arises as to what retroactivity means in particular contexts." *Morales*, 2010-NMSC-026, ¶ 9 (internal quotation marks and citation omitted). Generally, "[a] statute . . . is considered retroactive if it impairs vested rights . . . or requires new obligations, imposes new duties, or affixes new disabilities to past transactions." *Id.* (internal quotation marks and citation omitted). However, a statute does not operate retroactively just because it is applied to facts and conditions existing on its effective date, even though the condition results from events that occurred prior to its enactment. *Id.*; *see*

7

*Howell v. Heim*, 118 N.M. 500, 506, 882 P.2d 541, 547 (1994) (holding that a new regulation limiting the number of consecutive months an individual could receive general disability benefits did not have retroactive effect even when it took into account months prior to the promulgation of the regulation); *Hansman v. Bernalillo Cnty. Assessor*, 95 N.M. 697, 702, 625 P.2d 1214, 1219 (Ct. App. 1980) (holding that a new tax assessment formula enacted after the beginning of the period of assessment but applied to the entire tax year was "a clear instance of a statute acting prospectively on facts or conditions in existence prior to its enactment"); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 283-84 (1994) (declining to impose a newly created action for damages on past events because the new right to damages undoubtedly imposed a new disability on a past transaction). Following this precedent, we conclude that the hearing officer's interpretation and application of Section 7-1-69 gave it proper prospective effect.

**{19}** We recognize our Supreme Court's holding in *Crane* as dispositive. In *Crane*, the issue was whether a newly enacted law providing for the sale of property as the new procedure for the collection of delinquent taxes also applied to delinquent taxes that remained unpaid for tax periods that arose prior to the enactment of the statute. 18 N.M. at 380-81, 137 P. at 589-90. The statute at issue stated that it applied to "each parcel of property upon which any taxes are delinquent, as shown by the tax rolls." *Id.* at 381, 137 P. at 590 (internal quotation marks omitted). Like the language in Section 7-1-69, this language was broad enough to include tax liabilities arising before and after the effective date of the legislation. *Crane*, 18 N.M. at 381, 137 P. at 590. In addition, as in Section 7-1-69, the new legislation in *Crane* did not contain a clear statement that the Legislature intended for the law to apply to tax years prior to the enactment. 18 N.M. at 381-82, 137 P. at 590.

**{20}** Our Supreme Court acknowledged the strong presumption against the retroactive application of a statute in *Crane*, *id.* at 381-82, 137 P. 590, but nevertheless held that the application of the new law to tax liabilities arising before its enactment did not give the statute retroactive effect. *Id.* at 386, 137 P. at 591. The Court reasoned that "[a] statute does not operate retroactively from the mere fact that it relates to antecedent events. A retrospective law [is] intended to affect transactions which occurred . . . before it became operative . . . and which ascribes to them affects not inherent in their nature in view of the law in force at the time of their occurrence." *Id.* at 382, 137 P. at 590 (internal quotation marks and citation omitted). The Court held that the new act providing for the sale of property for delinquent taxes did not operate retroactively because the operation of the statute did not affect any right the taxpayer possessed under prior law, did not change the taxpayer's status, and did not impose a consequence that was not already anticipated. *Id.* at 386, 137 P. at 591.

**{21}** In this case, we conclude that the application of the amended penalty to tax liabilities that arose for tax periods occurring prior to January 1, 2008, likewise does not ascribe to those outstanding taxes any affect that was not inherent in their nature under Section 7-1-69 before the amendment. Both before and after January 1, 2008, a taxpayer who fails to file

8

or pay tax is subject to the highest penalty allowable under the statute, and the longer the taxpayer failed to file and pay taxes the more penalty it would have to pay up to a percentage defined by statute. Section 7-1-69 defines who the Department may impose the penalty statute upon; therefore, failing to pay one's taxes subjects a taxpayer to the imposition of the penalty. As in *Crane*, the failure to pay the required taxes is the condition antecedent on which the amendment operates in this case. The application of the new statutory penalty to Taxpayer's outstanding tax liability does not affect any right Taxpayer possessed under prior law. Taxpayer's status was already subject to the assessment of the penalty. Because the Legislature may amend the penalty statute at any time, and the prior statute creates no right to a certain rate in either Taxpayer or the Department, the application of the increased statutory penalty also does not impose a consequence that could not be anticipated. Therefore, the hearing officer's interpretation and application of Section 7-1-69 does not give the amended statute impermissible retroactive effect.

**{22}** Taxpayer disagrees with the proposition in *Crane* and asserts that the imposition of the amended penalty rate is retroactive because it requires new obligations, imposes new duties, and affixes new disabilities to past transactions. Taxpayer cites to *Howell* as the basis for this assertion. However, viewing *Howell* in light of *Crane*, in order for a new penalty to be a new obligation, impose a new duty, or affix a new disability to a past transaction, it must be of a type ascribing to the transaction something not in existence at law at the given time.

**{23}** To the extent that both the Department and Taxpayer cite to *Bradbury & Stamm* as authority for how the penalty cap should be calculated, we note that *Bradbury & Stamm* is a case about the change in an interest rate, not a penalty. Interest and penalties have distinct purposes, and our Legislature has recognized this distinction by enacting separate statutes governing the imposition of penalties and interest. *See* NMSA 1978, § 7-1-67 (2007); § 7-1-69; *see also N. Slope Borough*, 585 P.2d at 546 (stating that the purpose of a penalty provision is to encourage timely payment of taxes and punish those who do not pay on time, while the assessment of interest for late payment is designed to compensate and has no punitive element). Because a penalty is distinct from interest, *Bradbury & Stamm* does not control how to apply the penalty statute here. *Grygorwicz v. Trujillo*, 2006-NMCA-089, ¶ 15, 140 N.M. 129, 140 P.3d 550 ("Cases are not authority for propositions not considered."(alteration, internal quotation marks, and citation omitted)).

**{24}** We recognize that our courts find impermissible retroactive effect when a change in a statute imposes a consequence on the taxpayer that was not already anticipated. For example, in *Kewanee*, 114 N.M. at 790-91, 845 P.2d at 1244-45, the department promulgated a new regulation defining the meaning of "negligence" within the context of Section 7-1-69 and assessed a taxpayer a penalty for conduct occurring prior to the promulgation of the regulation. Our Supreme Court held that the new regulation could not be applied to taxpayers whose liabilities arose in years prior to the promulgation of the regulation. *Kewanee*, 114 N.M. at 790-91, 845 P.2d 1244-45. In *Kewanee*, at the time the taxpayers' conduct occurred, that conduct was not negligent within the meaning of Section 7-1-69.

9

*Kewanee*, 114 N.M. at 790-91, 845 P.2d at 1244-45. Our Supreme Court reasoned that the application of the new regulation to prior tax years would be impermissibly retroactive because at the time the taxpayers' liabilities arose, the taxpayer was not included in the group of taxpayers on whom the Department could impose the penalty. *Id.* Accordingly, the Court applied the standard for negligence in effect during the tax years at issue, rather than the definition in place at the time of assessment, holding that to do otherwise would be to expand the universe of taxpayers subject to the imposition of the penalty after their conduct occurred, and thus give the new regulation retroactive effect. *Id.* at 790, 845 P.2d at 1244; *see also Phelps Dodge Corp. v. Revenue Div. of the Dep't of Taxation & Revenue*, 103 N.M. 20, 24, 702 P.2d 10, 14 (Ct. App. 1985) (holding that where a legislative amendment changed the exemption provisions of a tax statute defining those eligible for certain exemptions and refunds, the amendment could only be applied to tax years after its effective date, even where the Legislature expressly stated the amendment should have retroactive effect and looked to the law in place during the taxable events to determine if the taxpayer was eligible for a refund).

**{25}** In this case, the imposition of the new statutory penalty under Section 7-1-69 is distinguishable from the facts in *Kewanee*. As we have noted, in *Kewanee*, the new regulation defined who the penalty could be imposed upon and, if applied to tax liabilities arising prior to the promulgation of the regulation, would have allowed the department to impose a new obligation to pay a penalty on someone who previously had no such obligation. *Kewanee*, 114 N.M. 790-91, 845 P.3d at 1244-45. Here, on the other hand, the penalty has not been expanded to any new taxpayer who was not previously subject to the penalty assessment. The imposition of a penalty on Taxpayer was permissible when it failed to pay its gross receipts taxes negligently or in disregard to departmental rules, and the increased penalty did not alter either the Department's or Taxpayer's duties or obligations. Taxpayer's case is an example of a statute applying prospectively to conditions in existence at the time of its effective date. Therefore, the new statutory penalty may be applied to tax periods occurring prior to the 2007 enactment of Section 7-1-69. Accordingly, we conclude the hearing officer's decision was in accordance with the law when he prospectively applied the new statutory penalty to Taxpayer's liability that arose for tax periods occurring prior to January 1, 2008.

**CONCLUSION**

**{26}** We hold that (1) the new statutory penalty to apply is the applicable law in place at the time of Taxpayer's assessment, and (2) applying the new statutory penalty to a tax liability that arose during tax periods occurring prior to January 1, 2008, but assessed by the Department on or after January 1, 2008, is in accordance with the Legislature's intent and purpose and does not give Section 7-1-69 a retroactive effect. We affirm the decision of the hearing officer to impose the new statutory penalty against Taxpayer.

**{27}** **IT IS SO ORDERED.**

10

_____
LINDA M. VANZI, Judge

**I CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

**TIMOTHY L. GARCIA, Judge (specially concurring)**

**GARCIA, Judge (specially concurring)**

{28}     I concur in the result reached in this case based upon the available authority from our Supreme Court.  I write this special concurrence in the hopes that our Supreme Court will provide more clarification regarding the issue of retroactivity as it applies to legislative changes that are made to our tax statutes.  Although the *Crane* decision has remained good law for nearly a century, it is difficult to reconcile its application with the more recent decision in *Bradbury & Stamm* and this Court's decision in *Phelps Dodge*.  In both of these more recent cases, changes to the tax statute were deemed substantive and could only be applied prospectively.  *Bradbury & Stamm*, 70 N.M. at 240, 372 P.2d at 818; *Phelps Dodge*, 103 N.M. at 23-24, 702 P.2d at 13-14.  Neither case mentions *Crane* or attempts to distinguish the analysis set forth in *Crane* when determining whether a statutory change is retroactive.  Similar discrepancies arise when comparisons are made to the non-tax decision set forth in *Howell*.  *See* 118 N.M. 500, 882 P.2d 541.  As a result, there appear to be two separate and distinct analyses being applied to address retroactivity issues.  More guidance from our highest Court should help resolve this dilemma.

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for *GEA Integrated Cooling Technology v. TRD*, No. 30,790**

**AE**          **APPEAL AND ERROR**
AE-SR          Standard of Review

**ST**          **STATUTES**
ST-IP          Interpretation
ST-LI          Legislative Intent
ST-RE          Retroactivity

**TX**          **TAXATION**
TX-GT          Gross Receipts Tax
TX-PN          Penalties