This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO TAXATION**
**AND REVENUE DEPARTMENT,**

Plaintiff-Appellant,

v.                                                                  **NO. 30,932**

**SHAMROCK FOODS COMPANY,**

Defendant-Appellee.

**APPEAL FROM THE TAXATION AND REVENUE DEPARTMENT**
**Monica M. Ontiveros, Hearing Officer**

Gary K. King, Attorney General
Patrick Edward Preston, Special Assistant Attorney General
Santa Fe, NM

for Appellant

Brownstein Hyatt Farber Schreck, LLP
Timothy R. Van Valen
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

The State of New Mexico Taxation and Revenue Department (Department) appeals from the decision and order of its hearing officer concerning penalties due by Shamrock Foods Company (Taxpayer) in connection with taxes assessed for tax years 2001 to 2007. We affirm in part and reverse in part.

**BACKGROUND**

Because the parties are familiar with the facts and proceedings and because this is a memorandum opinion, we provide only a brief discussion of the background of this case. We include background information as necessary in connection with each issue raised.

On September 8, 2006, the Department initiated an audit of Taxpayer. During the review, the Department determined that Taxpayer was correctly reporting the total number of gross receipts but that it had failed to obtain the necessary nontaxable transaction certificates (NTTCs) for certain deductions within the sample by either possessing expired certificates or by possessing certificates issued by a party other than the buyer shown on the invoice. With Taxpayer's consent, the auditor verified the reported deductions by using a sampling method to determine a percentage of error (POE). The Department selected 280 random numbers from the total sales data and assigned random numbers to the sales invoices. The POE was calculated by using nine disallowed deductions, including the following: $553.21 (Abraham's), $315.90

(Matilda's), and $1,444.92 (SI Italian Bistro). The total amount of the disallowed deductions from the sample invoices was $2,879.79 out of a total of $143,942.70 in deductions claimed for a POE of 2.0007%. On May 16, 2008, the Department issued an assessment of gross receipts tax along with interest and penalty at a monthly rate of 2% to a maximum 20% against Taxpayer.

Taxpayer timely filed its protest of the assessment on July 1, 2008. The protest challenged the disallowed deductions for SI Italian Bistro, Abraham's, and Matilda's. A formal hearing was held on May 28, 2009, and on October 22, 2010, the hearing officer issued a written decision and order. The hearing officer found that the deductions for Matilda's and Abraham's were properly disallowed and were properly included within the POE but that the deduction for SI Italian Bistro should not be included within the POE. In response to the Department's argument at the hearing that a maximum 20% penalty should be applied to Taxpayer's outstanding principal, the hearing officer concluded that the proper amount of penalty should be calculated at no more than 10%. The Department appeals the hearing officer's decision as to both SI Italian Bistro and the penalty amount.

**DISCUSSION**

The Department raises four issues on appeal, arguing that: (1) the hearing officer erred in considering an issue that was not raised in Taxpayer's formal protest;

3

(2) the hearing officer's decision that Taxpayer properly claimed a deduction from SI Italian Bistro is not supported by substantial evidence; (3) the maximum penalty for deficiencies incurred before January 1, 2008, is 20% not 10%; and (4) the hearing officer erroneously considered the penalty amount because that issue was not raised by Taxpayer.

As a preliminary matter, we note that the Department has failed to discuss or make any argument with respect to issues (2) and (4), above, and cites to no authority to support those claims. Therefore, we will not review these arguments. *See Titus v. City of Albuquerque*, 2011-NMCA-038, ¶ 30, 149 N.M. 556, 252 P.3d 780 ("This Court has no duty to review an argument that is not adequately developed."). We address the remaining two issues in turn.

**Issues Raised in Taxpayer's Formal Protest**

The Department contends that the hearing officer erroneously considered an issue that was not raised in the taxpayers formal protest. The standard of review as set forth in NMSA 1978, Section 7-1-25(C) (1989), provides that the court shall set aside a decision and order of the hearing officer only if it is: "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." Here, the Department does not take issue with the hearing officer's findings of fact or conclusions of law but argues only

that the hearing officer's decision was not in accordance with law. Our review, therefore, is de novo. *Sonic Indus. v. State*, 2006-NMSC-038, ¶ 7, 140 N.M. 212, 141 P.3d 1266.

A taxpayer may dispute the assessment of tax by filing a written protest with the secretary of the Department. NMSA 1978, § 7-1-24(A) (2003). The written protest "shall specify individual grounds upon which the protest is based and a summary statement of the evidence expected to be produced supporting each ground asserted[.]" *Id.* The Department correctly notes that the only issues that can be considered by the hearing officer during a protest hearing are those which the taxpayer has specified in the initial written protest or in any timely supplement. In this case, the Department contends that Taxpayer did not protest the issue of the samples used to determine the POE and that the hearing officer improperly identified the issue to be decided as whether the disallowed deductions should be removed from the sample because they were not representative of the deductions used to calculate the POE. This is essentially the sum total of the Department's argument. For the reasons that follow, we conclude that Taxpayer properly specified the issues to be considered by the hearing officer and that the hearing officer properly considered only those issues raised in the written protest.

On June 25, 2008, Taxpayer filed a written formal protest to the assessment, which was accepted by the Department. The sole basis of Taxpayer's protest was the issue of certain NTTCs that Taxpayer submitted to justify deductions for receipts and that were subsequently disallowed by the audit. In particular, Taxpayer protested NTTCs relating to three customers—SI Italian Bistro, Abraham's, and Matilda's. Taxpayer claimed that the deductions associated with each of these customers should be fully allowable and that the related penalty and interest should thus be abated. Taxpayer's written protest provided legal argument and a detailed description of the evidence in support of its assertion that the NTTC for each customer, including SI Italian Bistro, should have been allowed.

The hearing officer held a hearing on the protest and issued a written decision and order. The decision of the hearing officer was based entirely on the issues raised in Taxpayer's written formal protest and on the Department's argument that a 20% penalty should be applied to Taxpayer's outstanding principal. On the Taxpayer issues, the hearing officer found that the deductions for Matilda's and Abraham's were properly disallowed and included within the POE, but that the deduction for SI Italian Bistro should not be included within the POE calculation.

On appeal, the Department makes no argument and provides no support for its assertion that the hearing officer improperly considered issues that were not raised in

6

Taxpayer's protest. To the contrary, the Department itself, in its request for hearing, stated that the issues to be determined were "[l]iability for assessed tax, penalty[,] and interest on disallowed GRT deductions based on NTTCs." Given the Department's cursory argument without supporting citations, the Department's own recognition of the issues raised, and the hearing officer's decision, which was clearly limited to the issues raised in Taxpayer's written protest, we conclude that the hearing officer acted in accordance with law. We affirm the hearing officer's decision with respect to SI Italian Bistro.

**Maximum Penalty for Deficiencies Accruing Before January 1, 2008**

Prior to January 1, 2008, NMSA 1978, Section 7-1-69(A)(1) (2003) (amended 2007), provided that a penalty of 2% per month or any fraction of a month would be added to the amount of an assessment if a taxpayer failed to file a tax return or to pay taxes when due because of negligence or disregard of Department rules or regulations but without intent to evade or defeat a tax. The statute then provided a maximum penalty of 10%. *Id.* In 2007, the Legislature amended Section 7-1-69 to increase the maximum penalty to 20%, effective January 1, 2008. 2007 N.M. Laws, ch. 45, §§ 4, 16; NMSA 1978, § 7-1-69(A) (2007).

On May 16, 2008, the Department issued an assessment to Taxpayer for non-payment of gross receipts tax due for the period January 31, 2001, to February 28,

2007, including interest and a 10% penalty. At the protest hearing, the Department argued that a 20% penalty—rather than a 10% penalty assessment— should be applied to Taxpayer's outstanding principal of $113,916.28. The hearing officer concluded, however, that the 10% penalty cap was the correct amount for the 2001 to 2007 tax years based on the application of Section 7-1-69, prior to the 2007 amendment. The Department appeals the hearing officer's decision and order with respect to the penalty assessed under Section 7-1-69.

This Court has addressed the same issue raised in this appeal in *GEA Integrated Cooling Technology v. State Taxation & Revenue Department*, 2012-NMCA-010, ___ N.M. ___, ___ P.3d ___. In *GEA*, we held that the date of the assessment under Section 7-1-69 determines the maximum penalty that the Department is to apply. *GEA*, 2012-NMCA-010, ¶ 10. In that case, the department issued an assessment in 2009 for gross receipts taxes due in 2006 and 2007. *Id.* ¶ 2. Thus, we held that the 2007 amendment and the 20% maximum penalty applied to the assessment. *Id.* ¶ 15. Based on *GEA*, we reach the same result in this case for Taxpayer's 2001 to 2007 tax years. We reverse the hearing officer's decision and order that the 20% maximum penalty was the correct amount to apply in this case.

**CONCLUSION**

We affirm the decision of the hearing officer regarding the removal of the disallowed deduction for receipts from SI Italian Bistro. We reverse the decision of the hearing officer regarding the assessments for the tax years 2001 to 2007 to the extent that the hearing officer imposed the 10% maximum penalty. The 2007 amendment to Section 7-1-69 was in effect at the time the Department issued its assessments for the 2001-2007 tax years, and the Department could impose a 20% maximum penalty for the assessments made for these tax years.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**

9