This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO TAXATION
AND REVENUE DEPARTMENT,**

    Plaintiff-Appellant,

v.                                                                               **NO. 31,117**

**SOUTHWEST ABATEMENT, INC.,**

    Defendant-Appellee.

**APPEAL FROM THE TAXATION AND REVENUE DEPARTMENT
Dee Dee Hoxie, Hearing Officer**

Gary K. King, Attorney General
Amy Chavez-Romero, Special Assistant Attorney General
Santa Fe, NM

for Appellant

The Waggoner Legal Group
Robert M. Strumor
William J. Waggoner
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

The State of New Mexico Taxation and Revenue Department (the Department) appeals from the decision and order of its hearing officer concerning penalties due from Southwest Abatement, Inc. (Taxpayer), in connection with gross receipts tax for the tax year 2007. We reverse.

Prior to January 1, 2008, NMSA 1978, Section 7-1-69(A) (2003) (amended 2007), provided that a penalty of two percent per month or any fraction of a month would be added to the amount of an assessment if a taxpayer failed to file a tax return or to pay taxes when due because of negligence or disregard of Department rules or regulations, but without intent to evade or defeat a tax. The statute then provided a maximum penalty of ten percent. Section 7-1-69(A)(1). In 2007, the Legislature amended Section 7-1-69 to increase the maximum penalty to twenty percent, effective January 1, 2008. 2007 N.M. Laws, ch. 45, §§ 4, 16; NMSA 1978, § 7-1-69(A) (2007).

On November 4, 2008, the Department issued an assessment to Taxpayer for gross receipts tax due for various tax periods in 2007, including compensating tax, interest, and a twenty percent penalty. On December 3, 2008, the Department issued another assessment for gross receipts tax due for three different tax periods in 2007, including compensating tax, interest, and a twenty percent penalty. Taxpayer protested the assessments. The hearing officer denied the protest but reduced the penalty to ten percent based upon the 2003 version of Section 7-1-69. The

Department appeals the hearing officer's decision and order, and Taxpayer has timely responded.

This Court has addressed the same issue raised in this appeal in *GEA Integrated Cooling Technology v. New Mexico Taxation & Revenue Department*, 2012-NMCA-010, ___ N.M. ___, ___ P.3d ___ (No. 30,790, Dec. 8, 2011). In *GEA*, we held that the date of the assessment under Section 7-1-69 determines the maximum penalty that the Department is to apply. *GEA*, 2012-NMCA-010, ¶ 10. In that case, the department issued an assessment in 2009 for gross receipts tax due in 2006 and 2007. *Id*. ¶ 2. Thus, we held that the 2007 amendment and the twenty percent maximum penalty applied to the assessment. *Id*. ¶ 15. Based on *GEA*, we reach the same result in this case for Taxpayer's 2007 tax year. We reverse the hearing officer's decision, and we hold that the Department's imposition of the twenty percent maximum penalty was the correct amount to apply in this case.

**CONCLUSION**

We reverse the decision of the hearing officer regarding the assessments for the tax year 2007 to the extent that the hearing officer imposed the ten percent maximum penalty. The 2007 amendment to Section 7-1-69 was in effect at the time the Department issued its assessments on November 4, 2008, and December 3, 2008, and

the Department could impose a twenty percent maximum penalty for the assessments made for these tax years.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**