This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37892**

**IN THE MATTER OF THE PROTEST OF MARK A. OWENS, TO RETURN ADJUSTMENT NOTICE ISSUED UNDER ID NO L1784380208,**

Petitioner-Appellant,

and

**IKESHA M. OWENS,**

Petitioner,

v.

**NEW MEXICO TAXATION AND REVENUE DEPARTMENT,**

Respondent-Appellee.

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Ignacio V. Gallegos, Hearing Officer**

Mark A. Owens
Vancouver, WA

Pro Se Appellant

Ikesha M. Owens
Vancouver, WA

Pro Se Petitioner

N.M. Taxation and Revenue Department
Kenneth E. Fladager
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Appellant seeks review of the hearing officer's decision and order affirming the New Mexico Taxation and Revenue Department's (Department) denial of an application for a tax credit. Appellant's docketing statement raised three sufficiency of the evidence issues challenging the decision and order. The calendar notice proposed to summarily affirm on the basis that Appellant did not specify which findings of facts he disputed. Appellant filed a memorandum in opposition to the proposed disposition. Not persuaded by Appellant's arguments, we affirm.

**{2}**     The calendar notice proposed to rely on the hearing officer's factual and legal analysis and adopt it in its entirety. [CN 6] The notice expressly directed Appellant to, in any memorandum in opposition, specify the alleged errors with the decision and order; in particular, Appellant was directed to identify "which findings of fact he disputes were supported by the evidence presented at the hearing." [Id.] Appellant's memorandum in opposition does not respond to the directive. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (stating that because "the memorandum in opposition to the . . . calendar notice did not contest our proposed [disposition,] . . . the issue is abandoned"). Instead, Appellant argues that the hearing officer acknowledges in its decision and order that the definition for "taxpayer" has changed from year to year, which he asserts has given the Department an unfair advantage. [MIO 2] The decision to amend or change a statute, however, belongs to the Legislature and not the Department. *Cf. PNM Gas Servs. v. N.M. Pub. Utility Comm'n*, 2000-NMSC-012, ¶ 73, 129 N.M. 1, 1 P.3d 383 ("We presume that the Legislature [i]s aware of existing law. . . at the time it enact[s new law].").

**{3}**     Appellant further argues that the Department's motion for summary judgment and the hearing officer's decision and order both reference the 2015 version of NMSA 1978, Section 7-1-3(AA) (2015), which defines "taxpayer." [MIO 2] Appellant asserts that he had the burden to prove he was a "taxpayer," as that word is defined in the 2015 statute, but it was his 2016 tax return for which he sought a tax credit. [Id.] Appellant moves to amend the docketing statement to include the issue of whether it was error to require him to meet the burden of proof for a tax statute that does not pertain to the tax year for which he submitted a tax credit. [Id.]

**{4}**     However, the issue Appellant seeks to raise is not viable. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that, if counsel had properly briefed the issue, we "would deny [the appellant's] motion to amend because we find the issue he seeks to raise to be so without merit as not to be viable"). The 2015 version

of the statute went into effect on July 1, 2015, and remained in effect until June 16, 2017. Accordingly, the determination of whether Appellant met the definition of a "taxpayer" was governed by the 2015 version of the statute. *See GEA Integrated Cooling Tech. v. N.M. State Taxation & Revenue Dep't*, 2012-NMCA-010, ¶ 11, 268 P.3d 48 (recognizing "that the law in place at the time of [the] assessment would govern the penalty to be imposed"). Thus, the Department and the hearing officer properly relied on the 2015 version that was in effect at the time of Appellant's application for a tax credit on his 2016 tax return. We therefore deny Appellant's motion to amend the docketing statement. *See Munoz*, 1990-NMCA-109, ¶ 19.

**{5}** For these reasons, and those stated in the notice of proposed disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JACQUELINE R. MEDINA, Judge**